Beverly D. CHRISTENSEN, Appellant,

v.

CHASE BANK USA, N.A., Appellee.

No. 05–08–00909–CV.

Court of Appeals of Texas, Dallas.

Nov. 30, 2009.

Rehearing Overruled March 9, 2010.

---

Richard L. Armstrong, Armstrong The Law Firm, Plano, TX, for Appellant.

Steven M. Strong, Mann Bracken, LLC, Dallas, TX, Seung W. Chae, Mann Bracken, L.L.P., Irving, TX, David Waddell, Karl E. Neudorfer, Seyfarth Shaw LLP, Houston, TX, for Appellee.

Before Justices FITZGERALD, LANG, and LAGARDE.[1]

## OPINION

Opinion By Justice LAGARDE (Retired).

Chase Bank USA, N.A. obtained two separate arbitration awards against Beverly D. Christensen. It filed two separate applications to confirm those awards. After one application was dismissed, Chase amended its application in the other proceeding to seek confirmation of both awards. The trial court confirmed both awards and rendered judgment for Chase. Christensen appeals, challenging the confirmation of only one of the two awards. We affirm.

## I. BACKGROUND

### A. Proceedings in the trial court

On April 23, 2007, Chase began this proceeding against Christensen by filing a Motion and Application to Confirm Arbitration Award. Chase averred Christensen had failed to pay amounts owed under a credit-card agreement, that the parties had submitted their dispute to binding arbitration, and that on or about September 12, 2006, Chase had obtained an arbitration award against Christensen in the amount of $16,224.23. In her answer, Christensen generally and specifically denied that an agreement to arbitrate existed at the time of the arbitration. The court set the matter for hearing on April 4, 2008.

On March 7, 2008, Chase filed its First Amended Motion and Application to Confirm Arbitration Award. In that instrument, Chase repeated its request for confirmation of the September 12 award and added a request for confirmation of a separate arbitration award rendered against Christensen in a separate arbitration on or about September 5, 2006, in the amount of $24,888.65. The two arbitration awards were based on different credit-card accounts. Chase requested judgment in the total amount of $41,112.88.

Christensen moved to strike Chase's first amended motion. Christensen averred that Chase had previously filed a separate suit in a different trial court to confirm the September 5 arbitration award, that the separate suit had been dismissed for want of prosecution, and that Chase had failed to file a motion to reinstate the case. She argued that the court had no jurisdiction to entertain what was essentially a late motion to reinstate a lawsuit that had been pending in a different trial court. In its response to the motion to strike, Chase contended the prior dismissal was without prejudice and thus constituted no bar to its new request for confirmation of the September 5 award.

On April 4, 2008, the trial court heard both Christensen's motion to strike and Chase's amended motion for confirmation of the arbitration awards. Christensen introduced into evidence certified copies of the court's file and the reporter's record in the first proceeding. The trial court

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

admitted those records over Chase's relevancy objection and denied Christensen's motion to strike. The trial court then admitted the two arbitration awards into evidence and granted Chase's amended motion for confirmation of both arbitration awards. Two days later, the trial court signed its final judgment confirming the awards and awarding Chase $41,112.88. The trial court signed written findings of fact and conclusions of law. Those findings and conclusions do not mention the first proceeding or its dismissal. The trial court denied Christensen's motion for new trial. Christensen appealed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(3) (Vernon 2005) (authorizing appeal from an order "confirming or denying confirmation of an award").

## B. Issues on appeal

In four issues, Christensen argues that the trial court erred by confirming the September 5 arbitration award. She does not challenge the trial court's confirmation of the September 12 arbitration award. In her first issue, Christensen argues that the dismissal order in the first proceeding barred Chase from obtaining judicial confirmation of the September 5 arbitration award under the doctrine of res judicata. In her second issue, she argues that Chase's failure to prosecute a posttrial motion or appeal in the first proceeding waived Chase's right to amend its pleadings in this case to seek confirmation of the September 5 award. In her third issue, Christensen argues that the trial court abused its discretion by denying her motion to strike Chase's First Amended Motion and Application to Confirm Arbitration Award. And in her fourth issue, she argues the trial court abused its discretion by permitting Chase to file its first amended motion within 30 days of trial.

## II. DISCUSSION

### A. Standard of review

■■■ The parties do not address whether the awards in this case are governed by the Texas Arbitration Act or the Federal Arbitration Act, but the FAA controls if the underlying transaction involved interstate commerce. *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 803 (Tex. App.-Dallas 2008, pet. denied). Both of the arbitration awards at issue contain recitals that the matters involved interstate commerce and that the FAA governed the arbitration. The awards also indicate that Chase and Christensen have addresses in different states. We conclude that the FAA governs this case, recognizing that the TAA may also apply to the extent it is not inconsistent with the FAA. *See generally In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 779–80 (Tex.2006).

We have earlier held that our review of a trial court's confirmation of an arbitration award under the FAA is de novo. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 825–26 (Tex.App.-Dallas 2009, no pet.); *Townes Telecomms., Inc. v. Travis, Wolff & Co., L.L.P.*, 291 S.W.3d 490, 493 (Tex.App.-Dallas 2009, pet. denied); *Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 407 (Tex.App.-Dallas 2007, no pet.). These cases, however, involved direct challenges of arbitration awards under the grounds for vacatur set forth in the FAA or in the federal common law. *See Ancor Holdings*, 294 S.W.3d at 829–33; *Townes Telecomms.*, 291 S.W.3d at 493–95 & n. 1; *Myer*, 232 S.W.3d at 408–14. In this case, unlike those, Christensen does not challenge the substance of the September 5 arbitration award itself or seek vacatur of the award. Rather she raises two state-law objections to its enforcement based on Chase's abandonment of its prior attempt to enforce that award (res judicata and waiver) and a third objec-

tion based purely on state procedural law concerning the timing of Chase's amendment of its application for confirmation. Res judicata and waiver are affirmative defenses. Tex.R. Civ. P. 94. Christensen's issues based on those defenses are essentially legal-sufficiency challenges in which she argues that she conclusively proved those defenses. Thus, we examine the record to determine whether Christensen conclusively established the necessary facts in her favor. *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex.App.-Dallas 2008, no pet.). As to her issue about Chase's amendment of its application, we will apply an abuse-of-discretion standard. *See Stevenson v. Koutzarov*, 795 S.W.2d 313, 321 (Tex.App.-Houston [1st Dist.] 1990, writ denied).

## B. Analysis

### 1. Res judicata

 Christensen asserts res judicata in her first issue. "For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex.2008). The evidence introduced by Christensen established that Chase filed a separate proceeding against her to confirm and enforce the September 5 arbitration award, that such proceeding was resolved by an order of dismissal, and that the dismissal order was a final judgment by a court of competent jurisdiction. The issue presented is whether that dismissal order constituted a "judgment on the merits."

 "[I]t is well established that a dismissal with prejudice functions as a final determination on the merits." *Mossler*

*v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) (per curiam). The general rule is that a dismissal for want of prosecution is without prejudice to refiling. *Frazier v. Progressive Companies*, 27 S.W.3d 592, 594 (Tex.App.-Dallas 2000, pet. dism'd). But if an order dismissing for want of prosecution erroneously provides that the dismissal is with prejudice and no appeal is taken to correct the error, the order will support the application of res judicata. *Labrie v. Kenney*, 95 S.W.3d 722, 728–29 (Tex.App.-Amarillo 2003, no pet.); *accord Bird v. Kornman*, 152 S.W.3d 154, 160–61 (Tex. App.-Dallas 2004, pet. denied).

Thus, we inquire whether the dismissal order proved up by Christensen was with or without prejudice. The order was captioned "Order of Dismissal for Want of Prosecution." In the recitals, the judge stated that Chase and Christensen appeared on the date the cause was scheduled for trial, that Chase announced not ready, and that the judge was of the opinion that all parties' claims for affirmative relief should be dismissed for want of prosecution. The decretal portion of the order provides as follows:

> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that every pending claim for affirmative relief is dismissed for want of prosecution, and that parties with claims for affirmative relief pay their own cost[s], plus the costs of all parties having no claims for affirmative relief, for all of which let execution issue. All relief prayed for but not expressly granted herein is denied.

Christensen argues that the last sentence of the decretal paragraph, commonly known as a "Mother Hubbard clause," *see Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192 (Tex.2001), means that this particular dismissal was a decision on the merits

and with prejudice. Chase disagrees and relies on authority that a dismissal is presumed to be without prejudice unless the order states that the dismissal is with prejudice. *See, e.g., Greenwood v. Tillamook Country Smoker, Inc.,* 857 S.W.2d 654, 656 (Tex.App.-Houston [1st Dist.] 1993, no writ).

A few cases have indicated that Mother Hubbard language in a dismissal order means that the dismissal is with prejudice. *E.g., Alvarado v. Magic Valley Elec. Coop, Inc.,* 784 S.W.2d 729, 733 (Tex.App.-San Antonio 1990, writ denied); *accord Temple v. Guideone Specialty Mut. Ins. Co.,* No. 13–07–537–CV, 2009 WL 866800, at *4–5 (Tex.App.-Corpus Christi Mar. 31, 2009, pet. filed) (mem. op.); *Patterson v. Herb Easley Motors, Inc.,* No. 2–04–351–CV, 2005 WL 2044671, at *4 (Tex.App.-Fort Worth Aug. 25, 2005, no pet.) (mem. op.); *see also FDIC v. Roberson,* 603 S.W.2d 278, 280 (Tex.Civ.App.-Houston [14th Dist.] 1980, *no writ*) (dismissal for want of prosecution order reciting that "all relief sought by plaintiffs, cross plaintiffs, intervenors, and any other parties to said cause is hereby denied" was a decision on the merits). But these courts have not explained the rationale for this conclusion, and we decline to follow them in this case. Reviewing the trial court's order as a whole, we conclude that the court plainly intended to and did dismiss every claim for "affirmative relief" for want of prosecution, and thus without prejudice to refiling. Chase's request for confirmation of its September 5, 2006 arbitration award was a request for affirmative relief, so the dismissal of that request was without prejudice.

We conclude that Christensen did not establish her res judicata defense as a matter of law, and we resolve her first issue against her.

**2. Waiver**

In her second issue on appeal, Christensen contends that Chase waived its right to seek confirmation of the September 5 award by failing to prosecute a posttrial motion or appeal after Chase's first application for confirmation of that award was dismissed. Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with asserting that right. *Jernigan v. Langley,* 111 S.W.3d 153, 156 (Tex.2003) (per curiam). We have concluded above that Chase's first application for confirmation of that award was dismissed without prejudice for want of prosecution. Christensen cites no authority in support of the proposition that permitting one's case to be dismissed for want of prosecution, or failing to seek relief from such a dismissal, amounts to waiver of the right to assert the same claim in a later action. Such a rule would be contrary to the general rule that a dismissal for want of prosecution is without prejudice and constitutes no bar to refiling. *See Rizk v. Mayad,* 603 S.W.2d 773, 775 (Tex.1980) ("[A] litigant may refile an action that has been dismissed for want of prosecution, since the merits of such an action remain undecided."). Christensen did not establish her waiver defense as a matter of law, so we resolve Christensen's second issue against her.

**3. Motion to strike**

In her third issue, Christensen contends that the trial court erred by denying her motion to strike Chase's amended motion for confirmation of the arbitration awards. Her argument under her third issue is merely a repetition of the same arguments she makes under her first two issues. We resolve Christensen's third issue against her.

**4. Timeliness of amendment**

In her fourth issue, Christensen contends that the trial court should not

have considered Chase's amended motion for confirmation of the arbitration awards because it was filed less than 30 days before trial and operated as a surprise to her. For support, she relies on Texas Rule of Civil Procedure 63. She cites no authority for the proposition that rule 63 applies to the expedited judicial procedures applicable to proceedings to confirm arbitration awards. Assuming without deciding that rule 63 applies in confirmation proceedings, we cannot reverse based on the trial court's refusal to strike an amended pleading unless the complaining party shows an abuse of discretion. *See Stevenson*, 795 S.W.2d at 321. Generally, a party may freely amend its pleadings up to seven days before trial unless the amended pleadings operate as a surprise to the opposing party. TEX.R. CIV. P. 63; *Hakemy Bros., Ltd. v. State Bank & Trust Co., Dallas*, 189 S.W.3d 920, 924 (Tex.App.-Dallas 2006, pet. denied). Chase filed its amended motion 28 days before the hearing in this case.

Appellate courts rarely find an abuse of discretion when a trial court refuses to strike an amended pleading filed more than seven days before trial. The *Stevenson* court found an abuse of discretion because the plaintiff amended his pleadings on the tenth and eighth days before trial, and because the amendments effected a wholesale revision of his lawsuit. 795 S.W.2d at 321. Christensen argues that she was unfairly surprised because Chase's amended motion added a request for confirmation of an additional arbitration award obtained in a different arbitration proceeding. She adds that she was surprised because Chase's previous lawsuit based on that September 5 award had been dismissed and Christensen had relied on Chase's failure to prosecute an appeal from that dismissal.

We conclude that Christensen has not shown an abuse of discretion. The suit was already a proceeding to confirm an arbitration award against Christensen, so Chase's amended motion adding the September 5 arbitration award did not amount to a wholesale revision of the litigation. Although Christensen argues that she relied on the dismissal of the first lawsuit and Chase's failure to appeal from that dismissal, she has not explained the nature of that reliance, nor did she adduce any evidence of reliance in the trial court. Nor did she give any specifics as to why she was unprepared to defend the newly added arbitration award. Moreover, two matters of record tend to undercut Christensen's claim of surprise. First, the evidence shows that she had announced ready for trial in the first proceeding regarding the September 5 award, only about four months before the hearing in this case. Second, after the trial judge in this proceeding denied Christensen's motion to strike, he asked the parties to tell him if they were not ready, and Christensen said nothing in response. We conclude that the trial court's denial of Christensen's motion to strike was not so arbitrary or unreasonable as to amount to an abuse of discretion. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex.2009) ("A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law."). We resolve Christensen's fourth issue against her.

### III. DISPOSITION

We affirm the judgment of the trial court.