**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 27, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00818-CV

_____

**IN RE PARK MEMORIAL CONDOMINIUM ASSOCIATION, SAMEER SOLEJA, LYNN TIBBE, MICHAEL KIRK AND BARBARA BELBOT, Relators**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2008-58744 & 2008-68187**

## M E M O R A N D U M   O P I N I O N

On September 20, 2011, relators filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relators complain that respondent, the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court of Harris County, Texas, abused her discretion by denying their motion to strike Plaintiff's First Amended Petition.

The record reflects the trial court granted relators' special exceptions to Plaintiffs' Original Petition on April 4, 2011, and ordered the Plaintiffs' claims stricken from

Plaintiffs' Original Petition. The trial court "FURTHER ORDERED that Plaintiffs may amend the petition by April 30, 2011 to re-plead . . . Should Plaintiffs fail to re-plead their claims . . . with the specificity required in this Order and in conformity with this Order, then its [sic] FURTHER ORDERED that Plaintiffs' claims' against Defendants, . . . are dismissed with prejudice." April 30, 2011, fell on a Saturday. Plaintiffs' amended petition was therefore due by Monday, May 2, 2011. The amended petition was filed Thursday, May 5, 2011. On May 27, 2011, relators moved to strike the amended petition. A hearing was held and the trial court orally denied relators' motion.

Relators contend the trial court abused its discretion by failing to enforce its own order and dismiss plaintiffs' claims. We review a trial court's ruling on amended pleading under an abuse of discretion standard. *Hardin v. Hardin,* 597 S.W.2d 347, 349–50 (Tex.1980). Appellate courts rarely find an abuse of discretion when a trial court refuses to strike an amended pleading filed more than seven days before trial. *Christensen v. Chase Bank USA, N.A.*, 304 S.W.3d 548, 555 (Tex. App. – Dallas 2009, pet. denied).

A party may amend its pleadings up to seven days before trial, or within the time required under a pretrial order. Tex. R. Civ. P. 63; *Hakemy Bros., Ltd. v. State Bank & Trust Co.,* 189 S.W.3d 920, 924 (Tex.App.-Dallas 2006, pet. denied). After the time for filing amended pleadings has passed, the trial court abuses its discretion in denying leave to file an amended pleading unless (1) the party opposing the amendment presents evidence of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *First State Bank of Mesquite v. Bellinger & Dewolf, L.L.P.* 342 S.W.3d 142, (Tex. App. – El Paso 2011, no pet.) (citing *State Bar v. Kilpatrick,* 874 S.W.2d 656, 658 (Tex.1994) (per curiam); *Greenhalgh v. Serv. Lloyds Ins. Co.,* 787 S.W.2d 938, 939 (Tex.1990); and *G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.,* 177 S.W.3d 537, 542 (Tex.App.-Dallas 2005, no pet.)). Relators do not claim either of these exceptions apply in the instant case.

The trial court's denial of relators' motion to strike was not so arbitrary or unreasonable as to amount to an abuse of discretion. *See Ford Motor Co. v. Castillo,* 279 S.W.3d 656, 661 (Tex.2009) ("A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law."). Relators have not established they are entitled to mandamus relief. Accordingly, the petition is denied.

PER CURIAM

Panel consists of Justices Seymore, Brown, and Boyce.