# Illinois Official Reports

## Appellate Court

***Bjorkstam v. MPC Products Corp.*, 2014 IL App (1st) 133710**

| | |
|---|---|
| Appellate Court Caption | ULRIKA BJORKSTAM and JOSEPH DANIEL DRAY, Plaintiffs-Appellants, v. MPC PRODUCTS CORPORATION, d/b/a Woodward MPC, a Corporation, and WOODWARD, INC., a Corporation, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket No. 1-13-3710 |
| Filed | November 13, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiffs suffered as bystanders during a plane crash in Mexico City based on the claim that the crash was caused by faulty parts, including a part manufactured by defendants, the trial court properly dismissed the complaint plaintiffs refiled in Illinois after their initial Illinois complaint was dismissed for *forum non conveniens* based on the trial court's finding that a Texas court was a more convenient forum and the complaint plaintiffs filed in the Texas court was dismissed for want of prosecution on the ground that plaintiffs failed to exercise diligence in serving defendants with the Texas suit, since plaintiffs violated Supreme Court Rule 187(c)(2) and the Illinois trial court's order dismissing their initial suit when they failed to formally serve defendants with the Texas suit, neither defendants' obligation to accept service under Rule 187 nor the Illinois court's first dismissal order was triggered and plaintiffs were not entitled to reinstate their complaint in Illinois. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-007339; the Hon. Jeffrey Lawrence, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal        Floyd A. Wisner, of Wisner Law Firm, P.C., of Chicago, for appellants.

Michael G. McQuillen, John M. Kelly, Austin W. Bartlett, Gina M. Diomedi, and Christine M. Niemczyk, all of Adler Murphy & McQuillen LLP, of Chicago, for appellees.

Panel        JUSTICE EPSTEIN delivered the judgment of the court, with opinion. Justices Howse and Taylor concurred in the judgment and opinion.

## OPINION

¶ 1        This appeal addresses whether plaintiffs Ulrika Bjorkstam and Joseph Daniel Dray were entitled to reinstate their complaint against defendants MPC Products Corporation (MPC) and Woodward, Inc. (Woodward), in the circuit court of Cook County, Illinois, after it had been dismissed for *forum non conveniens*. Plaintiffs filed their initial complaint in the circuit court of Cook County. The court dismissed plaintiffs' suit for *forum non conveniens*, finding that Harris County, Texas, was a more convenient forum. Plaintiffs then filed suit in Texas. In Texas, Woodward moved to dismiss plaintiffs' complaint for want of prosecution, alleging that plaintiffs failed to exercise diligence in serving it with the lawsuit. The Texas district court granted Woodward's motion and plaintiffs refiled their complaint against both defendants in Illinois.

¶ 2        The Illinois circuit court granted defendants' motion to dismiss the complaint pursuant to section 2-619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2012)), finding that the Texas court's order dismissing plaintiffs' complaint precluded it from considering whether plaintiffs were entitled to refile their suit in Illinois. While we conclude that the trial court erred in finding that the Texas court's order barred it from reaching that question, we also conclude that plaintiffs were not entitled to refile their complaint in Illinois. We thus affirm the trial court's dismissal of plaintiff's complaint.

¶ 3                              I. BACKGROUND

¶ 4        Plaintiffs were bystanders injured during a plane crash in Mexico City, Mexico, on November 4, 2008. On November 3, 2009, plaintiffs filed a lawsuit in the circuit court of Cook County, alleging that the plane contained faulty parts, including the horizontal stabilizer actuator manufactured by defendants, whose principal place of business was in Illinois.

¶ 5        On December 10, 2010, the Cook County circuit court granted defendants' motion to dismiss plaintiffs' complaint for *forum non conveniens*, finding that Harris County, Texas, was a more appropriate forum. Reflecting the conditions to dismissal for *forum non conveniens* listed in Illinois Supreme Court Rule 187(c)(2) (eff. Aug. 1, 1986), the trial court included the following language in its order (the *forum non conveniens* order):

"Defendants' Motions to Dismiss on the basis of forum non conveniens are hereby granted upon the conditions that:

(1) If Plaintiff elects to file the action in another forum within six months of after the dismissal, including joining Defendants to the case *** Pending in the District Court of Harris County, Texas, all defendants named in the instant matter must accept service of process from that court. [Citation.];

(2) Defendants must waive the statute of limitations defense if the statute has run in the other forum. [Citation.];

(3) The case pending before this Court may be reinstated if any Defendant refuses to abide by the mandatory conditions for dismissal [citation]; and

(4) The case pending before this Court may be reinstated if the Court in the other forum refuses to accept jurisdiction and Plaintiff requests reinstatement within 30 days after final order refusing jurisdiction."

Plaintiffs did not appeal this order.

¶ 6 On March 11, 2011, plaintiffs filed a petition[1] in the district court of Harris County, Texas, naming defendants. On March 15, 2011, plaintiffs' counsel mailed a copy of the petition to defendants' counsel. The cover letter accompanying the petition listed defendants' counsel's address as, "1 North La Salle Street, Suite 2300, Chicago, Illinois 30302."

¶ 7 On January 31, 2013, plaintiffs issued a citation[2] to Woodward, but not MPC, notifying it of the Texas petition. The citation indicated that Woodward was served with a copy of the citation and plaintiffs' petition. On March 1, 2013, Woodward moved to dismiss the petition for want of prosecution, asserting that plaintiffs had failed to exercise due diligence in serving Woodward.

¶ 8 On June 14, 2013, the Texas district court held a hearing on Woodward's motion to dismiss plaintiffs' petition. In support of the motion, Woodward argued that it had not been formally served for two years after plaintiffs filed their petition. Woodward's counsel asserted that he never received the copy of the petition mailed to his offices on March 15, 2011 because plaintiffs listed the wrong ZIP code on their letter. Plaintiffs argued that Woodward was aware of the litigation, as Woodward and MPC were involved in the Illinois litigation, plaintiffs mailed Woodward's counsel a copy of the petition, and Woodward and MPC had participated in depositions and mediation before being served with the petition.

¶ 9 On June 21, 2013, the Texas district court entered a one-paragraph order granting Woodward's motion to dismiss for want of prosecution. The court's order indicated that plaintiffs' suit against Woodward was dismissed with prejudice. It did not relate any findings regarding the *forum non conveniens* order.

¶ 10 On June 26, 2013, plaintiffs filed a new complaint in the circuit court of Cook County, Illinois, naming both defendants. The complaint's allegations mirrored those of the lawsuits

---

[1]A petition in Texas is equivalent to a complaint in Illinois. See 735 ILCS 5/2-201(a) (West 2008) ("Every action *** shall be commenced by the filing of a complaint."); Tex. R. Civ. P. 22 (eff. Sept. 1, 1941) ("A civil suit in the district *** court shall be commenced by a petition filed in the office of the clerk.").

[2]A citation in Texas is equivalent to a summons in Illinois. See generally Ill. S. Ct. R. 101 (eff. May 30, 2008); Tex. R. Civ. P. 99 (eff. Jan. 1, 1988).

plaintiffs had previously filed in Illinois and Texas. Defendants filed a motion to dismiss plaintiffs' new complaint pursuant to section 2-619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2012)), asserting that *res judicata* barred plaintiffs from refiling their suit because the Texas court dismissed plaintiffs' petition with prejudice. Defendants alternatively argued that plaintiffs could not refile their complaint in Illinois because defendants had not violated the *forum non conveniens* order by refusing service or asserting the statute of limitations as a defense.

¶ 11    The circuit court of Cook County held a hearing on defendants' section 2-619(a)(4) motion on November 1, 2013. Plaintiffs asserted that defendants had violated the *forum non conveniens* order by challenging plaintiffs' service of process in Texas. The circuit court found that plaintiffs' refiled complaint constituted a collateral attack on the Texas district court's judgment. Although the circuit court suggested that the Texas district court "failed to enforce [the *forum non conveniens*] order," it declined to alter the judgment of the Texas district court dismissing plaintiffs' petition. The circuit court granted defendants' section 2-619(a)(4) motion. Plaintiffs appeal.

¶ 12                                        II. ANALYSIS

¶ 13    Plaintiffs challenge the circuit court's grant of defendants' section 2-619(a)(4) motion to dismiss, asserting that the trial court erred in concluding that the Texas district court's dismissal order barred plaintiffs from reinstating their lawsuit in Illinois. Plaintiffs contend that they were entitled to reinstate their suit because defendant violated the Illinois circuit court's *forum non conveniens* order by challenging the efficacy of plaintiff's service of process in Texas. Defendants assert that the Texas district court's order precluded plaintiffs from reinstating their suit and they were entitled to challenge plaintiffs' defective service of process in the Texas district court. While we agree with plaintiffs that *res judicata* did not preclude the Illinois circuit court from deciding whether they were entitled to reinstate their complaint, plaintiffs were ultimately not entitled to reinstate their complaint because defendants did not violate the *forum non conveniens* order or Illinois Supreme Court Rule 187(c)(2).

¶ 14    "A motion to dismiss under section 2-619 admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." (Internal quotation marks omitted.) *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 13. "When ruling on the motion, the court should construe the pleadings and supporting documents in the light most favorable to the nonmoving party." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. "The court must accept as true all well-pleaded facts in plaintiff's complaint and all inferences that may reasonably be drawn in plaintiff's favor." *Id.* We review *de novo* the trial court's dismissal of a complaint pursuant to section 2-619. *Evanston Insurance Co.*, 2014 IL 114271, ¶ 13.

¶ 15    We first address whether *res judicata* precluded the Illinois circuit court from determining whether plaintiffs were entitled to reinstate their suit. We then turn to whether plaintiffs were entitled to reinstate their suit in Illinois.

¶ 16                                      A. *Res Judicata*

¶ 17    Plaintiffs contend that the circuit court erred in granting defendants' section 2-619(a)(4) motion because the Texas district court's dismissal of plaintiffs' Texas petition did not bar

the Illinois circuit court from finding that defendants violated the *forum non conveniens* order. Defendants assert that plaintiffs' attempt to reinstate their complaint constituted a collateral attack on the Texas court's judgment, which was barred by *res judicata*.

¶ 18    Under the full faith and credit clause of the United States Constitution, we must "give the judgment of a sister state at least the *res judicata* effect that the sister state rendering the judgment would give to it." *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 565 (2000); see U.S. Const., art. IV, § 1. We thus apply Texas law to determine whether *res judicata* barred the Illinois circuit court from reinstating plaintiffs' lawsuit. See *id.*

¶ 19    Under Texas law, "[r]es judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). To establish that *res judicata* applies, the party asserting it must prove the existence of three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Id.*

¶ 20    In this case, the Texas district court's dismissal of plaintiffs' petition met the first element of *res judicata*. Under Texas law, an order dismissing a petition for want of prosecution is generally not considered a final judgment on the merits for purposes of *res judicata*. *Christensen v. Chase Bank USA, N.A.*, 304 S.W.3d 548, 553 (Tex. App. 2009). "But if an order dismissing for want of prosecution erroneously provides that the dismissal is with prejudice and no appeal is taken to correct the error, the order will support the application of res judicata." *Id.* In this case, the Texas district court dismissed plaintiffs' petition for want of prosecution and indicated that the dismissal was with prejudice. At the hearing on defendants' section 2-619(a)(4) motion in the Illinois circuit court, plaintiffs' counsel noted that he had not appealed the Texas court's dismissal of the petition. Under Texas law, therefore, the Texas district court's dismissal order constituted a judgment on the merits for purposes of *res judicata*.

¶ 21    With respect to the second element, "a former judgment bars a second suit against all who were in 'privity' with the parties to the first suit." *Getty Oil Co. v. Insurance Co. of North America*, 845 S.W.2d 794, 800 (Tex. 1992) (quoting *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971)). "A privy is one who is connected in law with a party to the judgment as to have such an identity of interests that the party to the judgment represented the same legal right." *Ayre v. J.D. Buckley Allshouse, P.C.*, 942 S.W.2d 24, 27 (Tex. App. 1996). Privity is determined on a case-by-case basis. *Getty Oil Co.*, 845 S.W.2d at 800-01. In this case, defendants were named in both the Texas proceedings and the Illinois proceedings. Only Woodward moved to dismiss plaintiffs' Texas petition, however, not MPC. Although defendants are related corporate entities, the record lacks sufficient facts to determine whether their interests are so aligned that we can consider them to be in privity. We need not resolve whether the same parties were involved in the Texas and Illinois proceedings, however, as the third element of *res judicata* is not met in this case.

¶ 22    The Texas district court's order does not meet the third element of *res judicata* because this case does not involve a claim that could have been resolved by the Texas district court. In determining whether two claims are the same for purposes of the third prong, Texas applies a "transactional approach" that asks whether "a subsequent suit *** arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the

prior suit." *Citizens Insurance Co. of America v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). In this case, plaintiffs could not have raised the issue of whether defendants violated the *forum non conveniens* order in the Texas district court. Pursuant to Illinois Supreme Court Rule 187(c)(2), when a defendant refuses to abide by the conditions precedent to dismissal of a complaint for *forum non conveniens*, the plaintiff may seek reinstatement of their complaint "in the court in which the dismissal was granted." Ill. S. Ct. R. 187(c)(2) (eff. Aug. 1, 1986). Here, the Illinois circuit court dismissed plaintiff's initial complaint for *forum non conveniens*. Pursuant to Rule 187(c)(2), therefore, plaintiff was required to seek reinstatement in the Illinois circuit court, not the Texas district court. Plaintiff could not have raised his claim for reinstatement in the Texas proceedings. Plaintiffs' claim for reinstatement was not barred by *res judicata*.

¶ 23    Although *res judicata* did not preclude the circuit court from considering whether plaintiffs could reinstate their complaint, "we may affirm the judgment of the trial court on any basis in the record, regardless of whether the trial court relied upon that basis or whether the trial court's reasoning was correct." *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 734 (2009). We thus turn to whether plaintiffs were entitled to reinstate their complaint in Illinois because defendants refused to accept service of plaintiffs' Texas petition.

¶ 24                              B. Illinois Supreme Court Rule 187(c)(2)

¶ 25    As a condition to granting defendants' motion to dismiss plaintiffs' first Illinois complaint for *forum non conveniens*, the Illinois circuit court required that defendants "accept service of process from" the district court of Harris County, Texas, if plaintiffs refiled their suit in six months. The circuit court derived that condition from Illinois Supreme Court Rule 187(c)(2), which governs dismissals of lawsuits for *forum non conveniens* where the more convenient forum is located outside Illinois. Ill. S. Ct. R. 187(c)(2) (eff. Aug. 1, 1986).

¶ 26    Plaintiffs contend that defendants violated Rule 187(c)(2) by filing a motion to dismiss plaintiffs' Texas petition for failing to diligently serve Woodward. Defendants assert that they did not refuse to accept service of process; rather, plaintiffs never served MPC and did not diligently serve Woodward. In order to determine whether defendants violated the *forum non conveniens* order, we must interpret the conditions placed on dismissals for *forum non conveniens* by Rule 187(c)(2).

¶ 27    Illinois Supreme Court Rule 187(c)(2) sets forth two conditions for dismissal of a complaint for *forum non conveniens*: "(i) if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept service of process from that court; and (ii) if the statute of limitations has run in the other forum, the defendant shall waive that defense." Ill. S. Ct. R. 187(c)(2) (eff. Aug. 1, 1986). "If the defendant refuses to abide by these conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted." *Id.* The Illinois circuit court's December 10, 2010 order dismissing plaintiffs' complaint for *forum non conveniens* reflected these requirements. We must thus determine whether defendants refused to abide by either of these conditions, entitling plaintiffs to reinstate their suit in Illinois.

¶ 28    In determining whether defendants refused to accept service under Rule 187(c)(2), we apply the principles of statutory construction. See *Grossman v. Gebarowski*, 315 Ill. App. 3d 213, 220 (2000) ("The rules of statutory construction apply to supreme court rules."). The

primary goal in construing the language of a statute is to determine the intent of the legislature. *Hubble v. Bi-State Development Agency of the Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 268 (2010). The best indicator of legislative intent is the statutory language, given its plain and ordinary meaning. *Id.* We view the statute as a whole and interpret different provisions of the statute in conjunction with one another. *Id.*

¶ 29    Plaintiffs first contend that Rule 187(c)(2) required defendants to waive their challenges to plaintiffs' service of the petition in Texas. We disagree. The plain language of Rule 187(c)(2)(i) required defendants to "accept service of process" from the Texas district court. It did not require defendants to waive any challenges to plaintiffs' service of process. Importantly, in subsection (c)(2)(ii) of Rule 187, the defendant is required to "waive" the defense of the statute of limitations. Ill. S. Ct. R. 187(c)(2)(ii) (eff. Aug. 1, 1986). "When the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended." *Carver v. Bond/Fayette/Effingham Regional Board of School Trustees*, 146 Ill. 2d 347, 353 (1992). Had the supreme court intended Rule 187(c)(2)(i) to require defendants to waive challenges to plaintiffs' service of process, it would have expressly said so.

¶ 30    We find support for this conclusion in *Miller v. Consolidated R. Corp.*, 173 Ill. 2d 252 (1996). In *Miller*, our supreme court held that the condition that the defendant must accept service from the other forum did not constitute an impermissible waiver of the defendant's constitutional right to object to the forum's lack of personal jurisdiction over the defendant. *Id.* at 261. In reaching that conclusion, the court stated, "[t]he condition of acceptance of service of process does not equate with a waiver of personal jurisdictional challenges to another forum." *Id.* Service of process is an element of personal jurisdiction. See *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18 ("Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction."). Contrary to plaintiffs' contention, therefore, Rule 187(c)(2)(i) did not require defendants to waive their right to challenge the efficacy of plaintiffs' service of process.

¶ 31    Even though defendants did not waive their right to challenge plaintiffs' service, we must still address whether defendants refused to "accept service of process from" the Texas district court in violation of Rule 187(c)(2)(i). The definition of "service of process" is well established: "a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). We presume that our supreme court incorporated this definition in using the phrase, "service of process," in Rule 187(c)(2). See *Morissette v. United States*, 342 U.S. 246, 263 (1952) ("[W]here Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken ***."); *Advincula v. United Blood Services*, 176 Ill. 2d 1, 17 (1996) ("A term of well-known legal significance can be presumed to have that meaning in a statute."). Rule 187(c)(2)(i) thus requires a defendant to accept legally sufficient service of process.

¶ 32    We further conclude that, in this case, the law of Texas dictates what constitutes sufficient "service of process" under Rule 187(c)(2). Rule 187(c)(2) states that a defendant must accept "service of process *from that court*." (Emphasis added.) Ill. S. Ct. R. 187(c)(2)(i) (eff. Aug. 1, 1986). In context, the phrase, "that court," refers to the court in which the

plaintiff elects to refile his or her suit after it has been dismissed for *forum non conveniens*. *Id.* The Illinois Supreme Court thus qualified the service of process that a defendant must accept as service of process from the court of the forum state, *i.e.*, the state in which the plaintiff elects to refile his or her suit. We hold, therefore, that "service of process from that court" constitutes service of process as defined by the law of the forum state. This interpretation aligns with the general principle that the procedural rules of a forum state should apply to litigation conducted in that state. *People v. Saiken*, 49 Ill. 2d 504, 509 (1971); Restatement (Second) of Conflict of Laws § 122 (1971); see *OneWest Bank, FSB v. Markowicz*, 2012 IL App (1st) 111187, ¶ 22 ("The manner and timing of service of process are *** matters of procedure." (Internal quotation marks omitted.)). In order to demonstrate that they were entitled to reinstate their complaint in Illinois, plaintiffs must show that defendants refused to accept legally sufficient service of process under Texas law.

¶ 33    Under Texas law, a "citation" is a formal form of notice given to the defendant upon the initiation of a cause of action. See Tex. R. Civ. P. 99 (eff. Jan. 1, 2012) (prescribing the form and contents of a citation); *Texas Natural Resource Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 813 (Tex. 2002) (" 'Service of citation' is *** a term of art that describes the formal process by which a party is informed that it has been sued."). While a citation may be served by "mailing to the defendant by registered or certified mail *** a true copy of the citation with a copy of the petition attached" (Tex. R. Civ. P. 106(a)(2) (eff. Sept. 1, 1990)), "[n]o party or other interested person is authorized to serve the citation; only a sheriff, constable, or other person authorized by law or court order may do so." *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 648 (Tex. 2001) (citing Tex. R. Civ. P. 103 (eff. Jan. 1, 1988)). "[T]he officer serving the citation must verify the return of service." *Bristol Hotel Asset Co.*, 65 S.W.3d at 648 (citing Tex. R. Civ. P. 107 (eff. Sept. 1, 1990)).

¶ 34    In this case, plaintiffs initiated a cause of action in Texas against defendants. In order to effectuate "service of process from" the Texas court, they were thus required to serve defendants with a citation in accordance with the Texas Rules of Civil Procedure. Plaintiffs did not serve MPC with a citation at any point in the Texas proceedings. Although plaintiffs did formally serve a citation upon defendant Woodward on January 31, 2013, the Texas district court determined that this service was ineffective because plaintiffs did not act diligently under Texas law. We are bound to afford preclusive effect to the Texas court's ruling on this issue. *Morris B. Chapman & Associates, Ltd.*, 193 Ill. 2d at 565. Plaintiffs cannot claim in this appeal that their January 31, 2013 service constituted valid service of process under Texas law.

¶ 35    Plaintiffs maintain that they served defendants because they mailed defendants' counsel a copy of the complaint on March 15, 2011 and Texas Rule of Civil Procedure 21a provides for service by mail. Tex. R. Civ. P. 21a (eff. Sept. 1, 1990). Yet that rule provides for service by mail for pleadings "other than the citation to be served upon the filing of a cause of action." *Id.* While plaintiffs mailed a copy of their petition to defendants' counsel on March 15, 2011, nothing in the record suggests that a citation was issued to accompany the petition. An affidavit from plaintiffs' counsel's assistant, who transcribed the letter, also stated that she "mailed the letter *** via first-class United States mail," not registered or certified mail. The record lacks any evidence that the person who mailed the petition was authorized by law to serve a citation. To the contrary, plaintiffs' counsel mailed it and Texas law prohibits a party or interested person from serving a citation. The record also lacks a certified return of

service. In sum, plaintiffs cannot establish that their March 15, 2011 mailing constituted valid service that defendants were obligated to accept pursuant to Rule 187(c)(2).

¶ 36 Even if plaintiffs' mailing had been a proper method of service in Texas, plaintiffs did not trigger defendants' obligation to accept service under the terms of the *forum non conveniens* order. That order required that plaintiffs serve defendants with process "from [the Texas] *court*." (Emphasis added.) This language suggests that the Illinois circuit court intended that defendants accept service via formal judicial order, *e.g.*, a summons or citation, rather than other, informal means. Although the Illinois circuit court arguably could have required defendants to accept service through less formal means as a condition to the *forum non conveniens* dismissal, it did not. The only service emanating from the Texas district court was plaintiffs' January 31, 2013 service of Woodward, which the Texas district court found to be insufficient. Plaintiffs' March 15, 2011 letter did not contain a copy of the citation or any other court order. In sum, plaintiffs did not effectuate service from the Texas district court that defendants would have been obligated to accept under the terms of the *forum non conveniens* order.

¶ 37 Plaintiffs also contend that defendants were aware of their Texas lawsuit, as they had participated in the Illinois circuit court proceedings, depositions, and an out-of-court mediation. Under Texas law, however, "[t]he propriety of service is evaluated under a strict-compliance standard." *MobileVision Imaging Services, L.L.C. v. LifeCare Hospitals of North Texas, L.P.*, 260 S.W.3d 561, 565 (Tex. App. 2008) (citing *Boreham v. Hartsell*, 826 S.W.2d 193, 195 (Tex. App. 1992)). "[M]ere knowledge of a pending suit does not place any duty on a defendant to act." *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990); see also *MobileVision Imaging Services, L.L.C.*, 260 S.W.3d at 565 ("The law is clear that reasonable notice or actual notice of a pending lawsuit cannot substitute for proper service of process."). Regardless of defendants' knowledge of plaintiffs' lawsuit, plaintiffs cannot demonstrate that they strictly complied with the requirements of service of process in Texas. Defendants' knowledge of the lawsuit did not act as a substitute for service of process.

¶ 38 We recognize that, on an equitable basis, this outcome is disquieting. Defendants were fully aware of the pending Texas case, participating in out-of-court actions relating to the litigation. Defendants may have maintained an informed, deliberate silence with respect to plaintiffs' service of process. Yet the plain language of Rule 187(c)(2), the language of the December 10, 2010 court order, and plaintiffs' omissions in formally serving defendants compel our result. As plaintiffs did not effectuate valid service of process from the Texas district court, defendants' obligation to accept service under Rule 187(c)(2) or the *forum non conveniens* order was not triggered. Defendants did not violate the Illinois circuit court's *forum non conveniens* order and plaintiffs were thus not entitled to reinstate their complaint in Illinois. We affirm the trial court's dismissal of plaintiffs' complaint.

¶ 39                                    III. CONCLUSION

¶ 40 For the reasons stated above, we affirm the trial court's dismissal of plaintiffs' complaint.

¶ 41 Affirmed.