In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

NO. 09-14-00357-CV

_____

**ANGELLA D. SOILEAU, Appellant**

**V.**

**NATIONSTAR MORTGAGE LLC, Appellee**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-194,954**

## MEMORANDUM OPINION

Angella D. Soileau (Soileau) appeals the trial court's order dismissing Soileau's claims against Nationstar Mortgage LLC (Nationstar) and the order awarding Nationstar attorneys' fees as a sanction.[1] *See* Tex. R. Civ. P. 13, 91a. We reverse and remand.

---

[1] We note that Rule 13 does not specifically reference the award of "attorney fees" as a sanction, but it provides that the court upon motion or upon its own initiative, after notice and a hearing, shall impose an appropriate sanction available under Rule 215.2(b), which expressly allows for "attorney fees" as a sanction. *See*

Soileau's 2009 Lawsuit

On February 3, 2009, Soileau filed an Original Petition and Application for Temporary Restraining Order (the "2009 Lawsuit") against First Horizon Home Loans (First Horizon) and Met Life Home Loans (Met Life) alleging errors relating to her home mortgage loan. The 2009 Lawsuit was styled, Cause No. E-183,194, *Angella Soileau v. First Horizon Home Loans, Met Life Home Loans*, in the 172nd Judicial District Court of Jefferson County, Texas. After the 2009 Lawsuit was filed, the parties entered into an agreed temporary injunction that provided that First Horizon and Met Life would not foreclose on the loan during the pendency of the litigation.

After Soileau's trial counsel withdrew, Soileau filed a motion for continuance. Another attorney filed a notice of appearance as Soileau's counsel of record. On March 24, 2011, Soileau filed an "Amended Original Petition, Application for Temporary Restraining Order, and Action in Trespass to Try Title" against First Horizon and Met Life. Therein, Soileau alleged libel of her credit

Tex. R. Civ. P. 13, 215.2(b). Additionally, Rule 91a provides that if a claim is dismissed as baseless, the trial court shall award the prevailing party "reasonable and necessary attorney fees incurred with respect to the challenged cause of action." *See* Tex. R. Civ. P. 91a.7. For purposes of this appeal, we will continue to reference "attorney fees" as "attorneys' fees" because the trial court and defendants referred to them as "attorneys' fees."

history, violations of the Fair Debt Collections Practices Act (FDCPA), violations of the Texas Debt Collection Act, violations of the Texas Deceptive Trade Practices Act, and an action in trespass to try title in which Soileau alleged that Met Life was not a holder in due course with rights to foreclosure. The case was then continued by agreement and reset on the try or dismiss docket for August 2011. Soileau failed to announce ready for trial and on October 6, 2011, the trial court entered an order of dismissal, dismissing the 2009 Lawsuit for want of prosecution. On or about October 12, 2011, Soileau served a Motion to Retain, asking that the trial court retain the case on its docket and asserting that Soileau's counsel made a mistake in failing to mark the date for the announcement on the calendar. The 172nd District Court granted the motion to retain. The trial of the matter was then reset and placed on the March 2012 try or dismiss docket. The March 2012 try or dismiss docket expressly required Soileau to make an announcement by February 17, 2012, and notified the parties that failure to announce ready would result in a dismissal.

On February 22, 2012, the 172nd District Court issued a Notice of Intent to Dismiss the 2009 Lawsuit for want of prosecution stating that the suit was "more than eighteen (18) months old without final disposition[]" and "Counsel of Record and/or Pro Se Party" had failed to announce ready for trial, and giving notice that

the court would hold a hearing on the notice of intent to dismiss the case on March 7, 2012. On February 29, 2012, Soileau filed a Motion to Retain, and the defendants filed a response and objection. On March 7, 2012, the trial court held a hearing and denied Soileau's Motion to Retain. On March 24, 2012, Soileau filed a Second Amended Original Petition and Application for Temporary Restraining Order in which she claimed First Horizon and Met Life mishandled her loan, and she alleged libel to her credit history and violations of what she referenced as the Federal Debt Collections Practices Act, Fair Credit Reporting Act, the Texas Deceptive Trade Practices Act, and the Texas Debt Collection Act.

On April 20, 2012, the trial court denied Soileau's Motion for Reconsideration of Second Motion to Retain or Alternatively Motion to Reinstate. On July 2, 2012, Soileau appealed the dismissal of the 2009 Lawsuit. On September 17, 2012, the trial court signed an order granting First Horizon's and Met Life's "Motion to Release Funds from [the] Registry of the Court[.]"

This Court dismissed Soileau's appeal for lack of jurisdiction and also overruled her motion for rehearing. Soileau sought review of this Court's decision and the Texas Supreme Court denied the petition for review. On February 21, 2013, this Court issued a mandate in the 2009 Lawsuit stating that the appeal was dismissed.

Soileau's 2013 Lawsuit

In 2013, Soileau filed a Verified Original Petition, Application for Temporary Restraining Order, Application for Injunctive Relief, and Request for Disclosure (the "2013 Lawsuit") against Nationstar. The 2013 Lawsuit was styled, Cause No. D194954, *Angella D. Soileau v. Nationstar Mortgage LLC*, in the 136th Judicial District Court in Jefferson County, Texas. In the 2013 Lawsuit, Soileau alleged that prior foreclosure proceedings were initiated against her after she "began having several problems" with her mortgagee, First Horizon, and the servicer of the loan, Met Life. According to Soileau's petition in the 2013 Lawsuit, despite a "legitimate dispute" with First Horizon about the "accounting of her escrow and mortgage," Soileau alleged she attempted to make "good-faith payments through October 2008, which were rejected by First Horizon." Soileau alleged that she previously filed the 2009 Lawsuit against First Horizon and Met Life under the Fair Credit Reporting Act and the FDCPA. According to Soileau, Nationstar sent Soileau a letter in 2011 notifying her that it would be servicing the 2002 note on behalf of Fannie Mae "despite Plaintiff never receiving notice from First Horizon or MET Life that ownership of the 2002 Note had allegedly transferred to Fannie Mae." Soileau claims that in March 2012, the 172nd Judicial District Court dismissed the 2009 Lawsuit against First Horizon and Met Life for

5

want of prosecution "due to the acknowledged error of Plaintiff's former counsel, who announced ready for trial one week too late under the Jefferson County Local Rules." Soileau further asserted in the 2013 Lawsuit that Nationstar sent her a Notice of Acceleration and a Notice of Substitute Trustee Sale, notifying her of the upcoming foreclosure and sale of her home. According to Soileau, Nationstar mishandled the accounting for the note and has incorrectly accounted for payments, credits, and offsets related to the note.

In the 2013 Lawsuit, Soileau seeks Declaratory Relief, asking the trial court to declare the rightful mortgagee of the note and deed of trust, the current servicer of the note, and the current amount due on the note. Soileau also seeks relief under the FDCPA, a temporary restraining order prohibiting Nationstar from selling the home pursuant to the Notice of Substitute Trustee Sale, and a temporary injunction against Nationstar preventing Nationstar from foreclosing against Soileau's home during the pendency of the case.

On April 25, 2014, Nationstar filed a Motion to Dismiss the 2013 Lawsuit "based on res judicata[.]" In the Motion to Dismiss, Nationstar argued that the 2009 Lawsuit was "fully litigated" to a final judgment on the merits, "the evidence clearly illustrates that the defendants in the [2009] lawsuit are in privity with the defendant in the [2013] lawsuit[,]" Soileau "could have simply added Nationstar as

a defendant as she had already this same cause of action pending against First Horizon and MetLife for the same issues raised in the present lawsuit." Nationstar argued that the doctrine of res judicata bars the 2013 Lawsuit because "the present suit is based on the same claims that were raised or that could have been raised in the first lawsuit." Nationstar attached forty-two exhibits to its Motion to Dismiss, including, among other items, copies of pleadings and orders from the 2009 Lawsuit and from the 2013 Lawsuit, as well as copies of the Memorandum Opinion from the appeal of the dismissal of the 2009 Lawsuit. Nationstar also filed a Motion for Rule 13 Attorneys' Fees alleging that the 2013 Lawsuit is "clearly groundless and brought in bad faith and for the purpose of harassment."

On May 14, 2014, the trial court signed an order granting Nationstar's motion to dismiss and dismissing Soileau's case, but the order did not state the dismissal was "with prejudice[.]" On the same day, the trial court signed an order granting Nationstar's motion for attorney's fees under Rule 13 and awarding Nationstar attorney's fees in the amount of $9,300. On June 13, 2014, Soileau filed "Plaintiff's Verified Motion to Reinstate, or alternatively, Motion for New Trial[.]"Nationstar filed its response on June 27, 2014. According to the trial court's Order dated August 22, 2014, the "Plaintiff's Verified Motion to Reinstate, or alternatively, Motion for New Trial" was originally set for a hearing on July 3,

7

2014, and then re-noticed for July 25, 2014, by the plaintiff's counsel. Plaintiff's counsel did not appear at the July 25th hearing. The trial court denied Soileau's motion on July 25, 2014. On August 20, 2014, Soileau filed "Plaintiff's Verified Motion to Reconsider Motion to Reinstate, or alternatively, Motion for New Trial" and "Plaintiff's Supplement to Verified Motion to Reconsider Motion to Reinstate, or alternatively, Motion for New Trial[.]" On August 22, 2014, the trial court signed an order denying Soileau's Motion to Reconsider Motion to Reinstate or, alternatively, Motion for New Trial. Soileau appeals from the trial court's orders granting Nationstar's motion to dismiss and granting Nationstar's motion for attorney's fees under Rule 13.

### ISSUES ON APPEAL

In her first appellate issue, Soileau argues the trial court committed reversible error by dismissing Soileau's case based on res judicata (1) when her first case was dismissed for want of prosecution and res judicata does not apply to a prior dismissal for want of prosecution and (2) Nationstar's motion to dismiss was defective because it was untimely and fails to state why Soileau's causes of action are baseless or do not entitle her to the relief she seeks, and (3) the trial court considered evidence and not just the pleadings in ruling on the motion to dismiss in violation of Rule 91a.6 of the Texas Rules of Civil Procedure. In her

second appellate issue, Soileau contends that the trial court committed reversible error by granting Nationstar's Motion for Rule 13 Sanctions against Soileau based on Nationstar's motion to dismiss.

Nationstar responds by arguing that Soileau presented these issues for the first time on appeal and, therefore, Soileau has failed to preserve error in the trial court. In the alternative, Nationstar contends that, even if Soileau's issues were preserved for appellate review, the trial court did not err in granting the motion to dismiss and awarding attorney's fees. In her reply brief, Soileau argues that she was not required to preserve error because she was challenging the sufficiency of the evidence to support the ruling and she contends she could raise this issue for the first time on appeal pursuant to Texas Rule of Appellate Procedure 33.1(d). She also cites to *Alvarado v. Magic Valley Electric Co-op, Inc.*, 784 S.W.2d 729 (Tex. App.—San Antonio 1990, writ denied), and argues that she was not required to preserve error because the trial court's dismissal of Soileau's claims constituted fundamental error.

## RULE 91a

Rule 91a authorizes a party to move for a dismissal of a cause of action that has no basis in law or fact. Tex. R. Civ. P. 91a.1. We review a dismissal under Rule 91a de novo. *Dailey v. Thorpe*, 445 S.W.3d 785, 788 (Tex. App.—Houston

9

[1st Dist.] 2014, no pet.). In ruling on the motion, a court looks only to "the pleading of the cause of action, together with any pleading exhibits." Tex. R. Civ. P. 91a.6 ("[T]he court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.").

EFFECT OF PRIOR DISMISSAL FOR WANT OF PROSECUTION

Soileau argues that the trial court erred in granting Defendant's Motion to Dismiss because the prior dismissal in the 2009 Lawsuit was not an adjudication on the merits and could not, as a matter of law, serve as res judicata to preclude her 2013 Lawsuit. Ordinarily, when an order dismissing an action for want of prosecution does not state whether the suit was dismissed with or without prejudice, we presume that the dismissal was without prejudice. *See Barnes v. Deadrick*, 464 S.W.3d 48, 54 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A dismissal for want of prosecution is generally without prejudice. *Christensen v. Chase Bank USA, N.A.*, 304 S.W.3d 548, 553 (Tex. App.—Dallas 2009, pet. denied). However, if a trial court erroneously dismisses a case for want of prosecution *with prejudice*, and no appeal is taken, then the dismissal will support the application of res judicata in the event the suit is refiled. *Id.* (emphasis added). Otherwise, a dismissal without prejudice is not an adjudication on the merits and

10

does not serve as res judicata to preclude a later-filed action. *Barnes*, 464 S.W.3d at 54.

According to the record before us, the 2009 Lawsuit was dismissed by the 172nd District Court's order of March 7, 2012, wherein the trial court stated that the suit is dismissed "for want of prosecution." The trial court did not specify that the dismissal was with or without prejudice, and the appeal of the dismissal did not consider whether the dismissal was with or without prejudice. Therefore, we presume that the trial court's dismissal of the 2009 Lawsuit was without prejudice. *Id.*; *Christensen*, 304 S.W.3d at 553. Because the dismissal of the 2009 Lawsuit was without prejudice, it would not be an adjudication on the merits and would not preclude Soileau's 2013 Lawsuit.

PRESERVATION OF ERROR

Nationstar argues on appeal that Soileau failed to preserve this argument for appeal because she failed to make the argument in the trial court. Tex. R. App. 33.1(a). Soileau argues that the argument she made in her Motion to Reinstate and Motion for New Trial was sufficient, that she was not required to make the argument below under Rule 33.1(d) of the Texas Rules of Appellate Procedure, and the error was "fundamental error" and therefore she can make the argument for the first time on appeal.

11

As a general rule, in order to preserve error for appellate review, it is incumbent upon the complaining party to (1) make a timely objection to the trial court that "state[s] the grounds for the ruling that the complaining party [seeks] from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[,]" and (2) obtain a ruling. *See* Tex. R. App. P. 33.1(a). Nevertheless, under Rule 33.1(d), in nonjury cases certain arguments can be made for the first time on appeal. *See* Tex. R. App. P. 33.1(d).

"In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence—including a complaint that the damages found by the court are excessive or inadequate, as distinguished from a complaint that the trial court erred in refusing to amend a fact finding or to make an additional finding of fact—may be made for the first time on appeal in the complaining party's brief." *Id.*; *see also Office of Attorney Gen. of Texas v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012) ("As a general rule, an appellant must first complain to the trial court by a timely request, objection, or motion and obtain a ruling as a prerequisite for appellate review of that complaint, but the general rule does not apply to complaints about the sufficiency of the evidence in a trial to the court.") Because the motion to dismiss was decided by the trial court and Soileau challenges the legal sufficiency

of the evidence for the trial court to conclude that the dismissal of the 2009 Lawsuit should act as res judicata and preclude her from filing the 2013 Lawsuit, we sustain Soileau's first issue. *See* Tex. R. App. P. 33.1(d). We conclude that the trial court erred in granting Nationstar's motion to dismiss based upon res judicata, and we reverse the trial court's order awarding Nationstar attorneys' fees and sustain issue two. We reverse the trial court's order dismissing Soileau's claims against Nationstar and the order awarding Nationstar attorneys' fees as a sanction and remand this matter to the trial court.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on January 26, 2015
Opinion Delivered November 12, 2015
Before McKeithen, C.J., Kreger and Johnson, JJ.

13