ACCEPTED
14-14-00927-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 11:51:39 AM
CHRISTOPHER PRINE
CLERK

# No. 14-14-00927-CV

IN THE FOURTEENTH COURT OF APPEALS
AT HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 11:51:39 AM
CHRISTOPHER A. PRINE
Clerk

ULRIKA BJORKSTAM AND JOSEPH DANIEL DRAY,

*Appellants,*

v.

WOODWARD, INC.,

*Appellee.*

From the 190th Judicial District Court, Harris County, Texas.

## APPELLEE'S BRIEF

**John Michael Kelly**
(admitted pro hac vice)
jkelly@amm-law.com
**Gina Marie Diomedi**
(admitted pro hac vice)
gdiomedi@amm-law.com
**Christine Marie Niemczyk**
(admitted pro hac vice)
cniemczyk@amm-law.com
**ADLER MURPHY & McQUILLEN LLP**
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Fax: (312) 345-9860

**N. Terry Adams, Jr.**
State Bar No. 00874010
tadams@bmpllp.com
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056
Telephone: (713) 623-0887
Fax: (713) 960-1527

**Counsel for Appellee Woodward, Inc.**
**ORAL ARGUMENT REQUESTED**

# DESIGNATION OF RECORD REFERENCES

The record in this appeal consists of the clerk's record, one supplement, and the reporter's record with one supplement. This brief uses the following conventions in citing the record:

**Clerk's Record:**

(CR. [page])

**Supplemental Clerk's Record:**

(Supp. CR. [requested document number])[1]

**Reporter's Record**:

(RR. [page])

**Supplemental Reporter's Record:**

(Supp. RR. [page])

**Appellant's Brief:**

(Br. [page])

---

[1] On May 29, 2015, Woodward asked the Harris County District Clerk to prepare a supplemental clerk's record consisting of ten items. On June 22, counsel for Woodward was informed by the Post Judgment Department that the supplemental clerk's record would not be ready until after the due date for this brief. As a result, to assist the Court, Woodward's citation to the supplemental clerk's record includes the corresponding document number [1-10] as requested by Woodward. *See* Appendix A.

# TABLE OF CONTENTS

DESIGNATION OF RECORD REFERENCES ...................................................... ii

INDEX OF AUTHORITIES ......................................................................................v

STATEMENT OF THE CASE ................................................................................ viii

RESPONSE TO ISSUES PRESENTED.................................................................. ix

STATEMENT OF FACTS.........................................................................................1

    Plaintiffs' Original Petition......................................................................1

    Plaintiffs' First Amended Petition ..........................................................2

    Motion for Continuance #1.......................................................................3

    Mediation ..................................................................................................4

    Motion for Continuance #2.......................................................................5

    Attempted Service on Woodward...............................................................5

    Motion to Apply Mexican Law .................................................................6

    Motion to Dismiss for Want of Prosecution .............................................6

SUMMARY OF THE ARGUMENT .........................................................................8

ARGUMENT .............................................................................................................10

I.   The trial court properly exercised its inherent power in dismissing Plaintiffs' claims against Woodward for want of prosecution because Plaintiffs failed to diligently prosecute their claims by not serving process on Woodward for nearly two years.......................................................................................10

    A.   Standard of review .......................................................................10

    B.   Plaintiffs offered no reasonable explanation for their failure to diligently prosecute their claims against Woodward............................11

        1.  Extensive length of time and virtually no case activity...................13

iii

2. Additional unavailing excuses for delay ...........................................15

II.     Principles of equity and judicial economy support the trial court's dismissal of Plaintiffs' claims against Woodward for want of prosecution due to lack of diligence ......................................................................................19

III.    Affirmance of the trial court's order dismissing Plaintiffs' claims with prejudice is proper in this case ...................................................................25

CONCLUSION AND PRAYER......................................................................27

CERTIFICATE OF COMPLIANCE ................................................................28

CERTIFICATE OF SERVICE.........................................................................28

# INDEX OF AUTHORITIES

## CASES

*3V, Inc. v. JTS Enters., Inc.*,
    40 S.W.3d 533 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ................19

*Allen v. Rushing*,
    129 S.W.3d 226 (Tex. App.—Texarkana 2004, no pet.) .............................18

*Andrews v. ABJ Adjusters, Inc.,*
    800 S.W.2d 567 (Tex. App.—Houston [14th Dist.] 1990, no pet.) .............26

*Bjorkstam v. MPC Prods. Corp.*,
    21 N.E.3d 1216 (Ill. App. 2014) ......................................................... 2, 3, 16

*Buchanan v. Cline*,
    2012 WL 760890 (Tex. App.—Eastland 2012, no pet.) ..............................18

*Callahan v. Staples*,
    161 S.W.2d 489 (Tex. 1942) ............................................................... 12, 18

*Daneshjou Co. v. Goergen*,
    2008 WL 3171256 (Tex. App.—Austin 2008, pet. denied)..........................20

*Dobroslavic v. Bexar Appraisal Dist.,*
    397 S.W.3d 725 (Tex. App.—San Antonio 2012, pet. denied) ............. 10, 11

*Dyersdale Energy, LP v. Petrzelka*,
    2010 WL 2764785 (Tex. App.—Dallas 2010, no pet.)................................10

*Edison v. Houston Police Dept.*,
    2007 WL 1633911 (Tex. App.—Houston [1st Dist.] 2007, no pet.) 12, 17, 18

*El-Khalidi v. Arabian Am. Dev. Co.*,
    2014 WL 2152101 (Tex. App.—Beaumont 2014, pet. denied)...... 12, 19, 22

*Fox v. Wardy*,
    225 S.W.3d 198 (Tex. App.—El Paso 2005, pet denied)................ 10, 13, 18

*Gantt v. Getz*,
    2011 WL 1849085 (Tex. App.—Houston [14th Dist.] 2011, no pet.).........12

*Harrison v. Employees Ret. Sys. of Texas*,
     2010 WL 2629893 (Tex. App.—Austin 2010, no pet.) ......................... 12, 22

*Horowitz v. Berger*,
     377 S.W.3d 115  (Tex. App.—Houston [14th Dist.] 2012, no pet.) .............22

*In re Conner,*
     458 S.W.3d 532 (Tex. 2015) ........................................................... 11, 12, 18

*In the Interest of J.T.O.*,
     2008 WL 139295  (Tex. App.—San Antonio 2008, no pet.)....................5, 21

*Martin v. State*,
     2009 WL 2146025  (Tex. App.—Houston [14th Dist.] 2009, no pet.).........26

*Preslar v. Garcia*,
     2014 WL 824201 (Tex. App.—Austin 2014, no. pet.) ......................... 18, 22

*Priddy v. Rawson,*
     282 S.W.3d 588 (Tex. App.—Houston [14th Dist.] 2009, ..........................26

*Risely v. Alvarez,*
     2011 WL 397948  (Tex. App. —Houston [14th Dist.] 2011,
     pet. denied) ................................................................................. 10, 11, 18

*S. Pac. Transp. Co. v. Stoot*,
     530 S.W.2d 930 (Tex. 1975) ............................................................ passim

*Saks & Co. v. Richardson*,
     2002 WL 31465813 (Tex. App.—San Antonio 2002, no pet.)....................19

*Sawyer v. Texas Dept. of Crim. Justice*,
     2002 WL 1765121 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)......13

*Stone v. Cunningham*,
     2007 WL 1206677 (Tex. App.—Dallas 2007, pet. denied) ........................18

*Thomas v. Tex. Dept. of Criminal Justice*,
     1997 WL 225977 (Tex. App.—Amarillo 1997, pet. denied).......................12

*Torres v. Clark,*
     2012 WL 1694607  (Tex. App.—Houston [14th Dist.] 2012, no pet.).........26

*Villareal v. San Antonio Truck & Equipment*,
    994 S.W.2d 628 (Tex. 1999) ....................................................................8, 11

*Zamarron v. Shinko Wire Co., Ltd.,*
    125 S.W.3d 132  (Tex. App. ―Houston [14th Dist.] 2003, pet. denied) .....26

*Zanchi v. Lane*,
    408 S.W.3d 373 (Tex. 2013) .......................................................................20

## RULES

TEX. R. APP. P. 38.2(a)(1)(B) ...................................................................................1

TEX. R. CIV. P. 99...................................................................................... 2, 5, 21

TEX. R. CIV. P. 103..................................................................................................2, 3

TEX. R. CIV. P. 106.....................................................................................................3

TEX. R. CIV. P. 119.....................................................................................................3

# STATEMENT OF THE CASE

*Nature of the case:* Ulrika Bjorkstam and Joseph Daniel Dray ("Plaintiffs") filed this lawsuit against Woodward, Inc. ("Woodward") on March 11, 2011. (CR. 5.) Plaintiffs did not exercise due diligence in prosecuting their claims against Woodward. Plaintiffs did not attempt service of process on Woodward for nearly two years, until January 31, 2013, about eight months before the case was set for trial. (CR. 238, 423.)

*Trial Court information:* Hon. Patricia J. Kerrigan, Presiding Judge, 190th Judicial District Court, Harris County, Texas.

*Course of Proceedings:* Woodward filed a motion to dismiss for want of prosecution because Plaintiffs failed to exercise diligence in prosecuting their claims against Woodward. (CR. 155-161.) Plaintiffs filed a response (CR. 292-318) and Woodward filed a reply (CR. 457-465.)

*Trial Court disposition:* Following an oral hearing, the trial court exercised its inherent power and granted Woodward's motion to dismiss for want of prosecution because Plaintiffs did not exercise diligence in pursuing their claims against Woodward. (CR. 469.) Plaintiffs waited nearly two years, about eight months before trial, before attempting to serve Woodward. (CR. 238, 423.)

## RESPONSE TO ISSUES PRESENTED

1.  After filing suit against Woodward, Plaintiffs did not attempt service of process on Woodward for nearly two years and about eight months before the case was set for trial. The trial court correctly exercised its inherent power in dismissing Plaintiffs' claims against Woodward for want of prosecution because Plaintiffs failed to exercise due diligence in prosecuting those claims.

2.  The trial court did not abuse its discretion by considering principles of equity, judicial economy, and impact on the fact finding process when evaluating the substantial impediments to the litigation created by Plaintiffs' excessive, unreasonable, and unexplained delay.

## STATEMENT OF FACTS

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(B), Woodward objects to the Plaintiffs' statement of facts because it confuses and misstates several important facts. Woodward provides the following statement of facts to accurately assist the Court.

### *Plaintiffs' Original Petition*

This case arises from an airplane crash that occurred in Mexico City, Mexico in November 2008. Plaintiffs filed suit on May 18, 2010 against the aircraft manufacturer, Learjet, Inc. ("Learjet"); the operator, Centros de Servicios de Aviation Ejecutive S.A. de C.V. ("Centros"); and the maintenance providers, Standard Aero, Inc. ("Standard Aero") and Alvin Howell ("Howell").[2] (Supp. CR. No. 8.) Plaintiffs immediately served the United States-based defendants—Learjet, Standard Aero, and Howell—with process. (Supp. CR. Nos. 9, 10.)[3]

Plaintiffs asked the trial court to appoint a special process server to effect service on Centros, a Mexican entity, through the Hague Convention. (Supp. CR. No. 7.) The trial court granted the request and appointed a special process server

---

[2]  Two additional lawsuits arising from this incident were filed in Harris County – *Castillo, et al. v. Standard Aero, et al.*, Case No. 2010-73285 and *Cue, et al. v. Learjet, Inc., et al.*, Case No. 2011-70467. (CR. 44-46, 504-505.) *Castillo* involved the claims of 22 plaintiffs and did not name Woodward as a defendant. (CR. 44-46; RR 19.) *Cue* involved the claims of three plaintiffs and named Woodward as a defendant, but never served Woodward. (CR. 99; RR 19.) Those cases were consolidated with this matter on April 16, 2012 and February 13, 2012, respectively. (CR. 46, 504-505, 508.)

[3]  For citation of the supplemental clerk's record, *see supra.* p.ii, n.1.

1

on July 12, 2010. (CR. 508.)  Five months later, Plaintiffs asked the trial court for a modified service of citation on Centros; which the trial court granted. (Supp. CR. No. 6; CR. 508.)  On March 15, 2011, ten months after filing its original petition, Plaintiffs served Centros through the Hague Convention. (Supp. CR. No. 1.)  Thus, by March 15, 2011, all of the defendants named in the original petition were finally served.

### *Plaintiffs' First Amended Petition*

Plaintiffs filed an amended petition on March 11, 2011 that named five new defendants: Woodward, MPC Products Corp. ("MPC"), General Electric Co. ("GE"), GE Aviation Systems, LLC ("GE Aviation"), and Honeywell International Inc. ("Honeywell").[4] (*Compare* CR. 5 *with* Supp. CR. No. 8.)  Plaintiffs did not cause citation to issue to any of the new defendants at that time. (CR. 147-148.)

Instead, as to Woodward, Plaintiffs' counsel merely placed a copy of the amended petition (without a citation) in the U.S. Mail (not certified) to counsel for Woodward. (CR. 297, 412-415.)  The mailing address, however, was incorrect

---

[4]  Plaintiffs originally sued these defendants in the Circuit Court of Cook County, Illinois. (CR. 388-410.)  They moved to dismiss the Illinois action based on forum *non conveniens*, which the Illinois court granted on December 10, 2010. (CR. 28-36.)  Pursuant to the Illinois court's order, Plaintiffs had six months to file their complaint in a more convenient forum, including Harris County, Texas where the instant matter was pending. (CR. 36.)  In exchange, the defendants in the Illinois case were required to waive the expired statute of limitations and accept service of process from the new court. (CR. 36); *see Bjorkstam v. MPC Prods. Corp.*, 21 N.E.3d 1216, 1225 (Ill. App. 2014) (holding that under the order Plaintiffs must serve process in accordance with the laws of the forum in which Plaintiffs refile, *i.e.* Texas); *see also* TEX. R. CIV. P. 99, 103.

since it had the zip code for Atlanta, Georgia, instead of Chicago, Illinois. (CR. 412-415; RR 10.) Consequently, the mailing was never received by Woodward or its counsel.[5] (CR. 460-461; RR 10.)

### *Motion for Continuance #1*

Trial was set for June 6, 2011. (CR. 508.) On May 11, 2011, less than 30 days before trial, Plaintiffs moved for a continuance. (CR. 145-150.) Plaintiffs contended they needed more time to conduct fact discovery and admitted they still needed to serve the new party-defendants named in their amended petition, including Woodward. (CR 146-148.) The continuance was granted and the trial court amended its docket control order, extending the deadline for "[a]ll parties [to] be added *and* served" to November 21, 2011. (CR. 151) (emphasis added). The trial court also moved the trial date back nearly one year to May 21, 2012. (CR 151.)

Despite the six-month extension to effectuate service on the additional party-defendants, including Woodward, Plaintiffs made no attempt to do so before the new deadline passed. Indeed, the docket reflects no substantive activity in the case

---

[5] That attempted mailing of service of process did not comply with Texas law. TEX. R. CIV. P. 103, 106. Moreover, Woodward never waived the issuance or service of process in accordance with Texas law. TEX. R. CIV. P. 119; *Bjorkstam*, 21 N.E.3d at 1224.

by Plaintiffs *for a full year* after the court extended its deadlines in May 2011.[6] (CR. 508-509.)

### *Mediation*

On November 29, 2011, all parties participated in an out-of-court, voluntary mediation in San Francisco, California. (RR. 25-26.) At that mediation the defendants named in the amended petition reminded Plaintiffs that they still had not been served. (RR. 32; Br. 5.)

Although Plaintiffs contend that Honeywell, GE, and GE Aviation accepted service through counsel following mediation (Br. 5), the record reveals otherwise. Honeywell noted in a related matter that it had never been served in Plaintiffs' case and had not appeared in this action. (Supp. CR. No. 4.) There is no evidence that GE and GE Aviation were ever served and, in fact, they were dismissed from Plaintiffs' case in January 2013 without ever filing an answer.[7] (CR. 70, 492-510.) Thus, Plaintiffs did not effectuate service on any of the additional party-defendants named in the amended petition either before or immediately after the unsuccessful mediation.

---

[6] Although a petition to intervene and motions to consolidate were filed during this time frame, it does not appear that Plaintiffs participated in those proceedings. (CR. 508.)

[7] While GE Aviation Systems, Ltd. filed an appearance after service of Plaintiffs' Second Amended Petition in January 2013, GE Aviation Systems, Ltd., is a separate and distinct entity from the GE entities who were named in Plaintiffs' First Amended Petition but never served — General Electric Co., and GE Aviation Systems, LLC. (CR. 5, 70.)

4

## *Motion for Continuance #2*

On the day this case was set for trial, May 21, 2012, Woodward had still not been served. Plaintiffs submitted a proposed amended docket control order that once again sought to extend the deadlines previously set by the trial court and requested trial be further delayed another 1½ years. (Supp. CR. No. 5.) On May 31, 2012, the trial court entered an amended docket control order. (CR. 237-238.) It closed discovery on August 15, 2013 and set trial, again, on October 29, 2013. (CR 237.) With respect to the joinder deadline, the trial court's order gave the parties until February 1, 2013 for "[a]ny *new* parties [to] be added and served by this date." (CR. 237) (emphasis added).

## *Attempted Service on Woodward*

Plaintiffs did nothing *for another eight months*, until January 31, 2013, the day before the joinder deadline for "*new* parties" expired. (CR. 423, 492-510.) On that day, nearly two years after Plaintiffs had sued Woodward as a party-defendant, and just eight months before the case was set for trial, Plaintiffs finally caused citation to issue and be served on Woodward.[8] (CR. 423.)

---

[8] Plaintiffs' attempted service was defective in that it failed to attach the operative pleading and identified the incorrect date of the filing of the petition. (CR. 118-119, 160, 423; RR 14-15.) Rule 99 requires the citation, which should be requested by the plaintiff to issue "[u]pon the filing of the petition," to be served with a copy of the operative petition and to correctly identify the date of the filing of the petition. TEX. R. CIV. P. 99 (a), (b); *see also In the Interest of J.T.O.*, 2008 WL 139295 at *1 (Tex. App.—San Antonio 2008, no pet.) ("[A]n error in stating the petition's filing date is fatally defective.").

## *Motion to Apply Mexican Law*

After Woodward was purportedly "served," but before it appeared, Defendants Learjet, Standard Aero, Howell, GE, and GE Aviation Systems, Ltd., moved on February 8, 2013 to apply Mexican law to damages for all plaintiffs. (Supp. CR. No. 3.) The motion was heard by the trial court on May 17, 2013 and granted on May 29, 2013. (Supp. RR. 1-83; CR. 510; Supp. CR. No. 2.)

## *Motion to Dismiss for Want of Prosecution*

On February 25, 2013, Woodward answered Plaintiffs' amended petition. (CR. 99-107.) Four days later, Woodward filed a motion to dismiss for want of prosecution based on the trial court's inherent power, asserting that Plaintiffs' two-year delay in effectuating service constituted a lack of due diligence as a matter of law. (CR. 155-236.)

On June 14, 2013, the trial court entertained arguments on Woodward's motion to dismiss. (RR. 1-63.) During the hearing, Judge Kerrigan recognized that Woodward was proceeding on "an argument of purely a lack of due diligence to serve them" and indicated that Woodward had "strong arguments on diligence." (RR. 36, 50.) The court's only question at the end of the hearing concerned the proper remedy (i.e., dismissal) for Plaintiffs' lack of diligence in prosecuting their claims against Woodward. (RR. 50, 51, 54.)

Judge Kerrigan took the motion to dismiss under advisement and asked the parties to submit any additional case law regarding dismissal for want of prosecution due to lack of diligence in prosecuting a case, as opposed to a statute of limitations argument. (RR. 56.) Pursuant to that request, Woodward submitted six cases addressing the court's inherent power to dismiss for want of prosecution when a plaintiff fails to exercise due diligence in prosecuting its claims. (Appendix B.) On June 21, 2013, the trial court exercised its inherent power and granted Woodward's motion to dismiss for want of prosecution. (CR. 469.)

## SUMMARY OF THE ARGUMENT

The trial court properly dismissed Plaintiffs' case for want of prosecution. Nearly forty years ago, the Texas Supreme Court recognized that a plaintiff's failure to diligently prosecute a case wastes valuable judicial resources and hinders fact finding. *S. Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 932 (Tex. 1975). Thus, Texas law is well settled that a trial court has the inherent power to dismiss a case for want of prosecution if the case has not been prosecuted with due diligence. *Villareal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex. 1999).

In this case, Plaintiffs named Woodward as a party-defendant on March 11, 2011 and then waited nearly two years, and about eight months before the case was set for trial, before attempting to serve Woodward with process. Plaintiffs provided no reasonable explanation for their significant delay as their proffered excuses were unsupported, and in some cases contradicted, by the record. On these grounds alone, the trial court properly exercised its inherent power in dismissing Plaintiffs' claims against Woodward for want of prosecution.

Further, by not serving Woodward with process for almost two years, Plaintiffs created a dilemma for the trial court—(1) force Woodward to proceed to trial as scheduled in just eight months; (2) extend the trial date for the third time and allow this 2010 case to linger on its docket into 2014; or (3) leave Plaintiffs to the consequences of their dilatory actions, dismiss Woodward, and let the trial date

8

stand. The trial court's decision to exercise its inherent power and impose the latter is supported by the equities of the circumstances; to rule otherwise would have resulted in considerable prejudice to Woodward, undermined judicial economy, and impeded fact finding. Because the trial court was justified in dismissing Plaintiffs' lawsuit for want of prosecution, the trial court did not abuse its discretion. Moreover, because Plaintiffs did not complain in the trial court or in their appellant's brief about the dismissal of their claims against Woodward with prejudice, no error regarding that aspect of the trial court's order has been preserved—further justifying an affirmance in all things.

# ARGUMENT

**I.**    **The trial court properly exercised its inherent power in dismissing Plaintiffs' claims against Woodward for want of prosecution because Plaintiffs failed to diligently prosecute their claims by not serving process on Woodward for nearly two years.**

    **A.**    **Standard of review.**

A dismissal for want of prosecution is a decision committed to the sound discretion of the trial court. *Fox v. Wardy*, 225 S.W.3d 198, 199-200 (Tex. App. — El Paso 2005, pet denied). That decision shall not be disturbed unless the trial court acted arbitrarily or without reference to any guiding rules and principles. *Id.* at 200; *Risely v. Alvarez*, 2011 WL 397948 at *3 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). There is a presumption that the trial court's decision was justified and it is the appellant's burden to defeat that presumption and prove an abuse of discretion. *Dyersdale Energy, LP v. Petrzelka*, 2010 WL 2764785, at *3 (Tex. App.—Dallas 2010, no pet.). Because due diligence is a fact-driven determination, the reviewing court may not substitute its judgment for that of the trial court unless the trial court could have reached only one decision. *Dobroslavic v. Bexar Appraisal Dist.,* 397 S.W.3d 725, 728 (Tex. App. – San Antonio 2012, pet. denied); *see also Risely*, 2011 WL 397948 at *3 ("An abuse of discretion is not demonstrated merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance."). If

the dismissal order does not specify a particular reason for the dismissal, this Court will affirm if any proper ground supports dismissal. *Risely*, 2011 WL 397948 at *3.

**B.    Plaintiffs offered no reasonable explanation for their failure to diligently prosecute their claims against Woodward.**

It is well settled that a trial court has inherent power to dismiss a case when a plaintiff fails to prosecute its claims with due diligence. *In re Conner,* 458 S.W.3d 532, 534 (Tex. 2015); *Villarreal*, 994 S.W.2d at 630.  This authority stems from the trial court's power and duty to maintain and control its docket. *Dobroslavic*, 397 S.W.3d at 728.  The Texas Supreme Court has recognized both the duty of a plaintiff to diligently prosecute a case and the harm to the judicial process caused by delay, opining:

> Delay haunts the administration of justice. . . . It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility.  But even these are not the worst of what delay does.  The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination.  If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit.  If we do not get the facts right, there is little chance for the judgment to be right.

*Stoot*, 530 S.W.2d at 931.

11

When there is an unreasonable delay in prosecuting claims against a defendant, the claims are presumed abandoned. The plaintiff must provide a reasonable explanation for the delay or the presumption of abandonment is conclusive and the trial court must dismiss. *In re Conner,* 458 S.W.3d at 534; *Gantt v. Getz*, 2011 WL 1849085, at *6 (Tex. App.—Houston [14th Dist.] 2011, no pet). Whether the plaintiff intended to abandon the suit is not the inquiry, and the merits of the plaintiff's claims are irrelevant. *Harrison v. Employees Ret. Sys. of Texas*, 2010 WL 2629893 at *2 (Tex. App.—Austin 2010, no pet.); *see also Thomas v. Tex. Dept. of Criminal Justice*, 1997 WL 225977 at *3 (Tex. App.—Amarillo 1997, pet. denied) ("[D]ue diligence is not measured by statements of intent but by actions actually taken in pursuance of a claim").

The inquiry, rather, is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served. *El-Khalidi v. Arabian Am. Dev. Co.*, 2014 WL 2152101, *3 (Tex. App.—Beaumont 2014, pet. denied); *Edison v. Houston Police Dept.*, 2007 WL 1633911 at *2 (Tex. App.—Houston [1st Dist.] 2007, no pet.). It is the plaintiff's burden to present evidence of the efforts made to serve the defendant and explain any lapses in effort or periods of delay. *Edison*, 2007 WL 1633911 at *2; *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942). An unexplained or unreasonable lapse of time constitutes a lack of due diligence as

12

a matter of law. *Sawyer v. Texas Dept. of Crim. Justice*, 2002 WL 1765121 at *4 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

When evaluating a plaintiff's lack of diligence, a trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, trial settings, and the existence of a reasonable excuse for delay in prosecuting the case. *Fox*, 225 S.W.3d at 200. Here, the record demonstrates that the relevant factors support the trial court's conclusion that Plaintiffs failed to diligently prosecute their case against Woodward.

### 1. Extensive length of time and virtually no case activity.

Plaintiffs note that at the time Woodward was dismissed in June 2013, the case had been pending for over three years. (Br. 17-18.) Indeed, the case against Woodward had been pending for almost two years before Plaintiffs even attempted to serve Woodward by taking the elementary step of having the trial court issue a citation. (CR. 5, 156, 203.) Critical to the trial court's inquiry was what transpired in the case during those two years, such that prompt and effective service of process on Woodward could not be accomplished.

When detailing the extent of activity in the case, Plaintiffs rely on the trial court's comment during oral argument that she thought the parties had been busy and cited to the choice of law motion and related discovery, as well as the time it took Plaintiffs to serve Centros via the Hague Convention. (Br. 18-19.) However,

when the trial court took the matter under advisement and looked closer at the record (RR. 56), she saw that the parties had not, in fact, been busy during the two years that Plaintiffs failed to serve Woodward.

Although Plaintiffs point to their struggle in serving Centros as taking significant time and diverting their attention from serving other entities, the return of service filed by Plaintiffs confirms that Centros was served via the Hague Convention on March 15, 2011, just four days after Plaintiffs amended their petition to add Woodward as a defendant. (Supp. CR. No. 1; CR 5-36.) Thus, Plaintiffs' excuse regarding service on Centros, at most, explains 4 days in the 687 days of delay in serving Woodward and was therefore not a reasonable explanation for their lack of due diligence.

Plaintiffs' excuse regarding the choice of law motion and related discovery also rings hollow. The other defendants filed the choice of law motion on February 8, 2013, nine days *after* Plaintiffs finally attempted service on Woodward. (Supp. CR. No. 3; CR 423; Br. 18.) Discovery related to that motion, including the only depositions which Woodward attended, took place *after* Woodward appeared and filed its motion to dismiss for want of prosecution. (CR. 155, 439-455; Br. 8 n.4.) In total, the briefing of the choice of law motion, related discovery, oral argument, and the court's ruling ultimately lasted four short months, all of which occurred *after* Woodward was served. (Supp. CR. No. 2, 3;

14

CR 423, 510.) Thus, Plaintiffs' proffered explanation for its delay in serving Woodward does not even relate to the relevant time period and is therefore patently unreasonable.

So what, specifically, transpired during the nearly two-year period between Plaintiffs' naming Woodward as a party-defendant and their attempt to have Woodward served? Virtually nothing. Plaintiffs concede as much, noting that in May 2011 they sought to extend the court's docket control deadlines to allow more time to serve Woodward and the other newly-named defendants, and the next case activity comes *one year later* when they again sought another extension. (Br. 17-18.)

Plaintiffs go on to admit that *over eight months later*, on the eve of the trial court's deadline to add and serve "new" parties (*i.e.*, not Woodward, a party already named), they finally caused a citation to issue and be served on Woodward. (Br. 18.) They detail no other efforts to diligently prosecute their case during this nearly two-year period. (Br. 18-20.) After reviewing the record in this case, the trial court was made aware of Plaintiffs' unexplained lack of activity in prosecuting their claims and properly determined Plaintiffs had not been diligent.

### 2. Additional unavailing excuses for delay.

In addition to the unsupported and unreasonable explanations above, Plaintiffs also claimed that their delay could be explained, in part, by their attempts

15

to have Woodward waive service of process and accept service through counsel as other defendants had done. (CR. 298-299; RR. 33; Br. 18.)  Plaintiffs' argument is disingenuous.  First, the acts of other defendants are irrelevant to the proper and diligent effectuation of service of Woodward. *See Bjorkstam*, 21 N.E.3d at 1225 (holding Woodward was entitled to service of process in accordance with Texas law); (RR 53) (trial court concluding same).

Second, even if relevant, Plaintiffs' contentions are belied by the record. Honeywell, GE, and GE Aviation never accepted service through their counsel. Honeywell unequivocally stated in May 2012 that it had not been served and had not appeared in the Plaintiffs' case.  (Supp. CR. No. 4.)  The record is devoid of any Honeywell appearance any date thereafter. (CR. 492-510.)  Similarly, GE and GE Aviation were never served and never appeared, and instead were voluntarily dismissed with the filing of Plaintiffs' Second Amended Petition. (CR. 492-510.)

Additionally, Woodward's counsel dispelled the notion that Plaintiffs made repeated efforts to negotiate a waiver of service—Woodward's counsel explained at the hearing that he received one phone call from Plaintiffs' counsel only a few days before the February 1, 2013 deadline for joinder of "new" parties and he advised that he could not, two years later, agree to waive issuance or service of citation to Woodward. (RR. 26-27.)

16

Plaintiffs attempted at the hearing to avoid the insurmountable evidence of their lack of diligence by making the specious argument that they served Woodward within the court's February 1, 2013 deadline for service on "new" parties. (RR. 59-60; Br. 21-22.) Foremost, the February 1, 2013, deadline did not apply to Woodward as an existing party-defendant. The plain language of the May 2012 order specifically applied only to "new" parties. (CR. 237.) Because Woodward was named as a party-defendant in March 2011, it was not a "new" party in May 2012. Further, the trial court rejected Plaintiffs' *ipso facto* diligence argument, noting: "I'm not sure that my order excuses any prior lack of due diligence if there was a lack of due diligence. I'm not sure that my order . . . that says get them in before point X means that there's no scrutiny of the conduct before then." (RR. 59.) This is consistent with Texas law. *See, e.g. Edison*, 2007 WL 1633911 at *2, n.2 (concluding that plaintiff's last-ditch effort to serve defendant over one year later and on the heels of a court deadline "does not absolve him of the duty to prosecute [his case] with diligence from the date it was filed.")

Once all of the foregoing fallacies were unveiled by the trial court upon further examination of the record, the trial court correctly concluded Plaintiffs failed to meet their burden—they failed to diligently prosecute their case against Woodward by allowing their petition to languish on the docket for almost two

years before attempting service of process on Woodward and by failing to offer an adequate explanation for their patently unreasonable delay. The trial court thus determined, as a matter of law, that Plaintiffs' unexplained and unreasonable lapse of time constituted a lack of due diligence. (CR. 469); *see In re Conner*, 458 S.W.3d at 534 ("A delay of an unreasonable duration, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit. This presumption justifies the dismissal of a suit under … a court's inherent authority….") (quoting, in part, *Callahan*, 161 S.W.2d at 491)).

In light of the relevant factors and Plaintiffs' unexplained lack of diligence, the trial court acted within its inherent power in granting Woodward's motion and dismissing Plaintiffs' claims against Woodward for lack of diligence. (CR. 469; RR 51, 53); *see Stone v. Cunningham*, 2007 WL 1206677 at *2 (Tex. App.—Dallas 2007, pet. denied) (dismissing case, finding the plaintiff's failure to cause citation to issue or to have defendants served for 4 months constituted a lack of due diligence); *Fox*, 225 S.W.3d at 200 (same after 7 months); *Risley*, 2011 WL 397948 at *4 (same after 9 months); *Allen v. Rushing*, 129 S.W.3d 226, 231 (Tex. App.—Texarkana 2004, no pet.) (same after 13 months); *Edison*, 2007 WL 1633911 at *2 & n.1 (same as to 18 months); *Preslar v. Garcia*, 2014 WL 824201 at *2 (Tex. App.—Austin 2014, no. pet.) (same as to 21 months); *Buchanan v. Cline*, No. 2012 WL 760890 at *2 (Tex. App.—Eastland 2012, no pet.) (same after

18

28 months); *Saks & Co. v. Richardson*, 2002 WL 31465813 at *2 (Tex. App.—San Antonio 2002, no pet.) (same). *See also El-Khalidi*, 2014 WL 2152101 at *3 (trial court reasonably concluded plaintiff failed to prosecute claims against unserved defendants where almost all case activity was conducted by served defendants and little to no activity was pursued by plaintiff). The trial court's proper exercise of its inherent power to dismiss in this case warrants affirmance.

## II. Principles of equity and judicial economy support the trial court's dismissal of Plaintiffs' claims against Woodward for want of prosecution due to lack of diligence.

The court used its inherent power to dismiss for want of prosecution to prevent Plaintiffs from further delaying the prosecution of the already stale case. The trial court's decision was within the bounds of its authority to control its docket and was consistent with its obligation to ensure that cases are diligently prosecuted to prevent prejudice or injustice to any of the litigants. *See 3V, Inc. v. JTS Enters., Inc.*, 40 S.W.3d 533, 539-540 (Tex. App.—Houston [14th Dist.] 2000, no pet.). As set forth above, Plaintiffs did nothing to advance their case for over two years and repeatedly sought extensions from the trial court to complete the simplest of procedural tasks – service of process.

Plaintiffs' omission of critical details and references to time in their brief is telling. For example, Plaintiffs omit any reference to the trial court's November 21, 2011 deadline to serve the five defendants that they added as parties in their

19

amended petition. (CR.151.)  Plaintiffs acknowledge that in May 2011 they asked for more time to accomplish such service, but they gloss over the docket control order that was entered thereafter which stated: "*All parties must be* added and *served. . . by this date.*" (CR. 151) (emphasis added).  This language unequivocally applied to the five entities that were sued as party-defendants in the first amended petition, like Woodward, but not yet served. *See Zanchi v. Lane*, 408 S.W.3d 373, 377 (Tex. 2013) (reaffirming that consistent with the common law one becomes a "party" to a lawsuit when a claim is asserted it in a filed pleading, even though not served with process).

Plaintiffs omit this detail because there is no dispute they allowed the November 21, 2011 deadline to expire without any effort to serve Woodward. (CR. 151.)  That deadline was not resurrected by the May 2012 amended docket control order since it was specifically limited to the joinder of "new" parties. (CR 237.)  In other words, the joinder deadline in the May 2012 amended docket control order only applied to "new" party-defendants sued on or after that date. *See Id.*

It is undisputed that Woodward was named as a party-defendant in the first amended petition more than a year earlier. (CR. 5-36.)  It was not a "new" party as contemplated by the May 2012 amended docket control order as a matter of law. (CR. 5-36, 237.)  On that ground alone, the trial court could have properly dismissed Woodward. *See Daneshjou Co. v. Goergen*, 2008 WL 3171256 at *2-3

20

(Tex. App.—Austin 2008, pet. denied) (affirming trial court's dismissal of plaintiff's claims against newly-added defendant where plaintiff failed to serve defendant before the court's joinder deadline set forth in the scheduling order).

Even if the reference to "new" parties in the May 2012 amended docket control order could be viewed as applying to Woodward (giving Plaintiffs 22 months to serve a defendant it named almost two years earlier), Plaintiffs still failed to properly serve Woodward even during that extensive timeframe. (CR. 115-121.) Rule 99 of the Texas Rules of Civil Procedure sets forth the requirements for service of process in clear and unambiguous terms. *See generally* TEX. R. CIV. P. 99. Yet, Plaintiffs' attempted service failed to comply with Rule 99 by failing to attach the operative pleading and identifying the incorrect date of the filing of the petition. (CR. 118-119, 160, 423; RR 14-15.) These defects were fatal to the attempted service, making it a legal nullity. *In the Interest of J.T.O.*, 2008 WL 139295 at *1 ("The rules relating to the issuing and serving of processes are mandatory, and failure to comply with such rules renders the service thereunder of no effect.")

Despite this, Woodward voluntarily appeared in the action on February 25, 2013 and immediately thereafter asked the trial court to put an end to Plaintiffs' lax and fumbled prosecution of their case. Regardless of whether Woodward may have waived the aforementioned defects in the January 2013 service of process by

voluntarily appearing, Woodward most certainly did not waive its right to seek dismissal of the case for Plaintiffs' lack of diligence in prosecution. *See, e.g. Harrison*, 2010 WL 2629893 at *2 (granting motion to dismiss for want of prosecution after defendant appeared and answered); *El-Khalidi*, 2014 WL 2152101 at *3 (same); *Preslar*, 2014 WL 824201 at *1-2 (same). The only issue that this Court must decide is whether the trial court acted within its discretion in dismissing Plaintiffs' case against Woodward. Given that Plaintiffs had abused the trial court's prior grants of extension on the docket control deadlines, and failed to adhere to the clear legal requirements of service of process under Texas law, the trial court properly exercised its inherent power in granting Woodward's motion to dismiss for want of prosecution.

Principles of equity and judicial economy thus support the trial court's decision. Contrary to Plaintiffs' argument that the trial court should not have considered prejudice (Br. 22-23), the trial court correctly weighed the consequences that resulted from Plaintiffs' delay. This Court has emphasized that "[t]he interests of litigants are best served when courts adopt and utilize measures that foster and enhance judicial economy." *Horowitz v. Berger*, 377 S.W.3d 115, 128 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (Frost, J., concurring). As the Texas Supreme Court noted in *Stoot*, delay undermines judicial economy by crowding court dockets, pressuring judges to take short cuts, interfering with the

22

prompt disposition of cases that have been diligently prosecuted, and "overhanging the entire process with the pall of disorganization and insolubility." 530 S.W.2d at 931.

Here, Plaintiffs' delay placed the trial court in the position of having to decide whether to prejudice Woodward by forcing it to trial in just a few months or to hinder the administration of the trial court's docket by further delaying trial and allowing this 2010 case to linger even longer. Alternatively, the trial court could leave Plaintiffs with the "pall of disorganization and insolubility" of their own making, and prohibit Plaintiffs from prosecuting their claim against Woodward two years too late. The trial court correctly appreciated that the equities and judicial economy warranted the latter option.

Plaintiffs' lack of diligence also created "substantial impediments" to a fair factual determination. *See Id.* If Plaintiffs would have simply taken the elementary step of serving Woodward in March 2011, the fact finding process would have commenced shortly thereafter. As Woodward argued to the trial court, if Plaintiffs would have timely served Woodward with process, Woodward would have immediately started working to secure the wreckage (or at least its component), engaged in party discovery, identified eyewitnesses, and conducted numerous other activities that are necessary to investigate the cause of the crash. (RR. 28-29, 51.) But because Plaintiffs waited nearly two years to attempt service, lulling

Woodward into the false sense that it was not being pursued by Plaintiffs as it was not pursued by majority of the plaintiffs involved in the accident (RR. 19-20), Woodward was now "behind the curve" and in the difficult position of having to begin the process of investigating a crash in a foreign country that, by that point, had occurred over four years earlier. (RR. 51-52.) The condition of the wreckage was unknown and witnesses' recollections were certainly diminished as time unnecessarily continued to elapse. (RR. 28-29); *see generally Stoot*, 530 S.W.2d at 931 (noting that the possibilities for error "multiply rapidly" as time elapses). The trial court indicated that it found these arguments "compelling." (RR. 53.)

Finally, Plaintiffs argue that, to the extent the trial court relied on Woodward's suggestion that Plaintiffs' delay might have been a tactical move, it abused its discretion. (Br. 25-26.) Such a claim is without merit. The trial court's consideration of the practical consequences of its decision and the precedent it may set was certainly within its inherent power and discretion. Woodward highlighted to the trial court that permitting a plaintiff to wait nearly two years before attempting to serve process on a defendant in multi-defendant litigation may incentivize a plaintiff to serve some defendants while not serving others in order to settle against the first set of defendants and then proceed against the remaining

24

defendants, possibly under an inconsistent theory.[9] (RR. 30-31.)  In light of the Texas Supreme Court's concern that delay hinders judicial economy and impedes fact finding, the trial court surely could have noted this practical consideration when making its determination.  *Stoot*, 530 S.W.2d at 932.

Similar to the trial court in *Stoot*, the trial court here took "a reasonable and effective step to enforce the duty of diligence required of parties who seek relief in that court" by dismissing Plaintiffs' unreasonably delayed claims against Woodward.  *Id.*  Plaintiffs were dilatory for over three years as the case languished on the trial court's docket without substantive progress in the matter.  Woodward should not be prejudiced by, nor Plaintiffs rewarded by, Plaintiffs' failure to exercise due diligence in the prosecution of its claims.  Thus, like *Stoot*, the trial court's determination in this case was proper and should be affirmed.

## III.    Affirmance of the trial court's order dismissing Plaintiffs' claims with prejudice is proper in this case.

Notably, Plaintiffs made no challenge or complaint to the trial court about the dismissal of their case with prejudice.  Even though the trial court's dismissal order did not become final until October 22, 2014 (CR. 488), sixteen months after it was signed, Plaintiffs did not move to reinstate, nor did they ask the trial court to

---

[9] Indeed, that is precisely what occurred here.  Plaintiffs settled with defendants Learjet, Standard Aero, Howell, and GE Aviation Systems, Ltd., who were then dismissed from the litigation.  Had Woodward not been dismissed for Plaintiffs' lack of due diligence, it would have been the last remaining defendant in the litigation (excluding Centros who had neither appeared nor answered in more than two years after service).

25

modify the dismissal order to be without prejudice. As a result, any error in dismissing Plaintiffs' claims against Woodward with prejudice has not been preserved for this appeal. *See Torres v. Clark,* 2012 WL 1694607 at *2 (Tex. App. —Houston [14th Dist. 2012, no pet); *Martin v. State*, 2009 WL 2146025 at *1, n.1 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Andrews v. ABJ Adjusters, Inc.,* 800 S.W.2d 567, 568-69 (Tex. App.—Houston [14th Dist.] 1990, no pet).

Compounding the situation, and perhaps in recognition of it, Plaintiffs also did not complain about the dismissal with prejudice in their appellant's brief. Any challenge to the propriety of the trial court's dismissal of Woodward with prejudice has therefore been waived by Plaintiffs, both at the trial court level and on appeal. *See Zamarron v. Shinko Wire Co., Ltd.,* 125 S.W.3d 132, 139 (Tex. App. —Houston [14th Dist.] 2003, pet denied) (complaint not raised in an original appellate brief is waived). Plaintiffs are now precluded from raising any such complaint for the first time in their reply brief. *See Priddy v. Rawson,* 282 S.W.3d 588, 597 (Tex. App. —Houston [14th Dist.] 2009, pet. denied) (a complaint cannot be made for the first time in a reply brief). Accordingly, for all of these reasons, the trial court's exercise of its inherent power in dismissing Plaintiffs' claims against Woodward for want of prosecution with prejudice was warranted and should be affirmed by this Court in all things.

## CONCLUSION AND PRAYER

For all of the reasons above, Appellee Woodward, Inc., requests the Court to affirm the trial court's order dismissing Plaintiffs' claims against Woodward for want of prosecution with prejudice in all things. Woodward additionally prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,
**BEIRNE, MAYNARD & PARSONS, L.L.P.**

 */s/ N. Terry Adams, Jr.*

**John Michael Kelly**
(admitted pro hac vice)
jkelly@amm-law.com
**Gina Marie Diomedi**
(admitted pro hac vice)
gdiomedi@amm-law.com
**Christine Marie Niemczyk**
(admitted pro hac vice)
cniemczyk@amm-law.com
**ADLER MURPHY & MCQUILLEN LLP**
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Fax: (312) 345-9860

**N. Terry Adams, Jr.**
State Bar No. 00874010
tadams@bmpllp.com
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056
Telephone: (713) 623-0887
Fax: (713) 960-1527

**Counsel for Appellee Woodward, Inc.**

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

1.      This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4 because:

>   this brief contains 6,296 words, excluding the parts of the brief exempted by TEX R. APP. P. 9.4.

2.      This brief complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because:

>   this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2014 in 14 point New Times New Roman font for the text and 12 point New font for the footnotes.

_/s/ N. Terry Adams, Jr._
N. Terry Adams, Jr.


## CERTIFICATE OF SERVICE

I hereby certify that I have complied with the Texas Rules of Appellate Procedure and the Local Rules of this Court and that the foregoing Appellee's Brief has been electronically filed and served on all counsel of record below in accordance with these Rules on this the 25th day of June, 2015.

John C. Schwambach, Jr.
Pierce & O'Neill, LLP
4119 Montrose Blvd., Suite 350
Houston, Texas 77006
jschwambach@pierceoneill.com

_Counsel for Appellants_

_/s/ N. Terry Adams, Jr._
N. Terry Adams, Jr.

# APPENDIX A

### BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

TERRY ADAMS, JR.
PARTNER

(713) 623-0887

FAX (713) 960-1527

DIRECT DIAL (713) 960-7319
EMAIL: tadams@bmpllp.com

May 29, 2015

**Attention:  Civil Post Judgment -Appeals**
Chris Daniel
Harris County District Clerk
Harris County Civil Courthouse
201 Caroline Street
Houston, Texas 77002

### REQUEST FOR SUPPLEMENTAL CLERK'S RECORD

Re:   No. 2010-31214;  *Ulrika Bjorkstam and Joseph Daniel Drey v. Woodward, Inc*; In the 190th District Court of Harris County, Texas;

No. 14-14-00927-CV;   *Ulrika Bjorkstam and Joseph Daniel Drey v. Woodward, Inc*; In the Fourteenth Court of Appeals at Houston, Texas.

Dear Mr. Daniel:

Appellee/Defendant, Woodward, Inc., requests that the following documents be included in a Supplemental Clerk's Record, pursuant to Texas Rule of Appellate Procedure 34.5(c), and filed with the Fourteenth Court of Appeals in the above-captioned appeal as soon as possible.

| | **Description** | **Document No.** | **Date** |
|---|---|---|---|
| 1. | Request for Service Abroad of Judicial or Extrajudicial Documents | 60434459 | 04/15/2014 |

| | **Description** | **Document No.** | **Date** |
|---|---|---|---|
| 2. | Order Granting Objection to Discovery in Part Signed<br><br>Order Granting Objection to Production Req in Part Signed<br><br>Order Signed Compelling Production | 55910265 | 05/29/2013 |
| 3. | Defendants' Motion to Apply Mexican Law to Plaintiffs' Damages | 54673012 | 02/08/2013 |
| 4. | Defendant Honeywell's Traditional and Alternatively No-Evidence Motion for Summary Judgment | 52293757 | 05/22/2012 |
| 5. | Proposed Agreed Amended Docket Control Order | 52282597 | 05/21/2012 |
| 6. | Joint/Unopposed Motion for Issuance of New Citation of Defendant Centro De Servicios de Aviacion Ejecutiva S.A. DE C.V. | 47165650 | 12/09/2010 |
| 7. | Motion to Appoint International Process Server | 45568038 | 06/15/2010 |
| 8. | Plaintiffs' Original Petition | 45340265 | 05/18/2010 |
| 9. | Citation-Tracking #7009 0960 0001 1925 7572 | 45360586 | —— |
| 10. | Citation Corporate – Tracking #s 7009 0960 0001 1925 7596-7009 0960 001 1925 7589 | 45360587 | —— |

We will of course pay your fees for preparing this Supplemental Clerk's Record in accordance with your usual practice. Thank you for your customary courtesy and assistance.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By: _/s/ N. Terry Adams, Jr._

N. Terry Adams, Jr.
Texas Bar No. 00874010
tadams@bmpllp.com
1300 Post Oak Blvd, Suite 2500
Houston, Texas 77056
(713) 623-0887 (Tel)
(713) 960-1527 (Fax)

**ADLER MURPHY & MCQUILLEN LLP**

John Kelly
(pro hac vice)
Gina M. Diomedi
(pro hac vice)
Christine M. Niemczyk
(pro hac vice)
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
(312) 345-0700 (Tel)
(312) 345-9860 (Fax)

*Counsel for Appellee/Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with the Texas Rules of Appellate Procedure and the Local Rules of this Court and that the foregoing request to supplement the clerk's record has been electronically filed and served on all counsel of record below in accordance with these Rules on this the 29th day of May, 2015.

John C. Schwambach, Jr.
PIERCE & O'NEILL, LLP
4119 Montrose Blvd., Suite 350
Houston, Texas 77006

*Counsel for Appellants/Plaintiffs*

_/s/ N. Terry Adams, Jr._
N. Terry Adams, Jr.

# APPENDIX B

**John M. Kelly**

| | |
|---|---|
| **From:** | John M. Kelly |
| **Sent:** | Monday, June 17, 2013 2:27 PM |
| **To:** | 'Codina, Lori (DCA)' |
| **Cc:** | |

> The email addresses of the other counsel have been redacted to protect any privacy concerns.

| | |
|---|---|
| **Subject:** | Bjorkstam v. Learjet, et al- 10-31214 Woodward's Motion to Dismiss for Want of Prosecution - Additional authority |
| **Attachments:** | Risley v. Alvarez, 2011 Tex. App. LEXIS 895.pdf; Fox v. Wardy, 225 S.W.3d 198.pdf; Edison v. Houston Police Dept, 2007 Tex App LEXIS 4463.pdf; Buchanan v. Cline, 2012 Tex. App. LEXIS 1846.pdf; Marsh v. Livingston, 2010 Tex. App. LEXIS 2915.pdf; Saks & Co. v. Richardson, 2002 Tex. App. LEXIS 7914.pdf |

Lori:  At Friday's hearing on Woodward, Inc.'s Motion to Dismiss for Want of Prosecution, Judge Kerrigan asked the parties to submit any additional cases that deal with dismissals based on a party's failure to exercise due diligence that did <u>not</u> involve a statute of limitations argument.  We note that the *Fox* and *Risley* cases cited in our original Motion (and attached here) directly address the Court's inquiry.  Also, attached are additional cases that we were able to locate that support dismissal for lack of diligence outside the statute of limitations context.  We are happy to submit a brief analyzing these cases and their applicability to the facts of this case if it will assist the Court.

John


John M. Kelly
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Main: (312) 345-0700
Direct: (312) 422-5704
Facsimile: (312) 345-9860

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us and delete the original message.